Matthew J. Jasen, J.
Pursuant to CPLR 3101 (subd. [d]), plaintiffs move for an order to obtain a statement or report prepared by an employee of the defendant Board of Education upon the grounds that the said statement or report can no longer be duplicated and that the withholding of it will result in an injustice as well as undue hardship to the infant plaintiff.
Plaintiffs’ action is predicated upon negligence resulting in injuries sustained by the infant on October 23, 1962, during an altercation with defendant Richard Schmidt in the Jamestown High .School, Jamestown, New York, both parties being students therein at the time.
That in conjunction with the altercation, on or about October 30, 1962, Walter J. Colburn, a school employee, prepared a report of accident form (No. PO-48)- and submitted the same to the principal of the school in the regular course of business of the said Board of Education.
That sometime thereafter, on or about December 1, 1962, the treasurer of the board, upon learning that the injuries sustained by the infant plaintiff were -substantial, requested the said Mr. *533 Colburn to prepare an additional report of the incident in narrative form to provide the board with further and more detailed information in the event litigation was commenced.
Plaintiffs’ counsel has now moved to obtain a copy of this narrative report.
CPLR 3101 (subd. [d]), provides that material created by or for a party or his agent in preparation for litigation shall not be obtainable unless the court finds that the material can no longer be duplicated because of a change in conditions and that withholding it will result in injustice or undue hardship.
The party seeking discovery of ‘1 material prepared for litigation ” must sustain the burden of proving circumstances sufficient to invoke the very specific exception set forth in CPLR 3101 (subd. [d]). (Parker v. New York Tel. Co., 24 A D 2d 1067; Cohen v. Hardy, 23 A D 2d 793.)
To avoid the general exclusionary rule plaintiffs must satisfy the court that the material can no longer be duplicated because of a change in conditions and that withholding it will result in injustice or undue hardship. The test is twofold and plaintiffs have failed to meet either requirement. No change of conditions has ensued, all the defendants and their concerned employees are available to testify before and at the time of trial.
It is the opinion of this court that although CPLR 3101 commences with a mandate of full disclosure, the statute specifically excludes material prepared for litigation, except under special circumstances as stated therein.
Upon the facts and circumstances presented, this court cannot invoke such exception. ■