PICKWICK AT COMMACK CORP. et al., Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 47988.) — COOKE, J. Appeal from an order of the Court of Claims, entered August 11, 1969, which directed the examination before trial of the State of New York by its title examiner or anyone

else with knowledge as to the title, status and existence of a right-of-way to a parcel of land remaining after condemnation. In condemning a portion of claimants' real property in Suffolk County, the State left a triangular plot of 2.48 acres which claimants assert is now landlocked. The State, however, maintains that a public right-of-way, known as Moses Wicks Path, furnishes access to this remaining tract and " bases this contention on the professional opinion of one of the attorneys in the employ of the State who has researched the legal relationships existing in the chain of title, and who has made a professional interpretation of the various maps and data on file in public records." Previously, claimants' demand for a bill of particulars was vacated on the ground that the State had not interposed an answer (see Court of Claims Rules, rule 13). Clearly, the title search and report themselves were " created by or for a party or his agent in preparation for litigation ", their only conceivable purpose being use by the State in its defense of the claim (cf. *O'Neill* v. *Manhattan & Bronx Surface Tr. Operating Auth.*, 27 A D 2d 185, 186–187; *Kent* v. *Maryland Cas. Co.*, 25 A D 2d 653). Assuming, *arguendo*, that it was part of the State's normal " business " routine to acquire the 10.776 acres by eminent domain, certainly the title research in determining whether the remaining piece, which the State didn't want, had ingress and egress and any legal evaluation thereon were specifically and solely for litigation defense (cf. *Welch* v. *Globe Ind. Co.*, 25 A D 2d 70, 72–73). However, the immunity of CPLR 3101 (subd. [d]) is only conditional — " unless the court finds that the material can no longer be duplicated because of a change in conditions and that withholding it will result in injustice or undue hardship." These are conjunctive conditions precedent and both conditions must be met to allow disclosure of the material (Carmody-Forkosch, New York Practice [8th ed.], § 631). Here, there has been no change of conditions rendering the search and report, or even the underlying records, nonduplicable. However, claimants' attorney states that " on the best information available to your deponent to date said ' Moses Wicks Path ' does not exist in fact or on public records, either by dedication or filed map." A limited examination of matters not excluded from disclosure, is material and so necessary that, without it, claimants cannot properly prepare for trial or present their claim to the court, and it is required in the interests of justice ('Court of Claims Act, § 17, subd. 2; cf. *Dunbar & Sullivan Dredging Co.* v. *State of New York*, 174 Misc. 743, 748; 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3101.09). Obviously, the public records envisioned here are not materials prepared for litigation or otherwise immunized under CPLR 3101. Order modified, on the law, so as to limit the examination to the identity and location of all maps, data and public records on which the State bases its contention that a right of way provides access to the remainder of claimants' premises and to the contents of all such papers and instruments as to which claimants may not have access; and, except as so modified, affirmed, without costs. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by Cooke, J.