■ NORA HOOBER, Respondent, v DANIEL HOOBER, Appellant.—In a matrimonial action in which the plaintiff wife was granted a judgment of divorce, defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County, entered July 13, 1977, as adjudged him to be $2,800 in arrears in alimony payments. Order affirmed insofar as appealed from, with $50 costs and disbursements. In the absence of an application by the defendant for a reduction in the alimony payments due plaintiff, Special Term properly determined that plaintiff remained entitled to alimony in the amount fixed in the divorce decree. Damiani, J. P., Titone, O'Connor and Martuscello, JJ., concur.

■ STEVEN J. HUNT, Respondent, v AARON JOSEPH, Defendant, and FIAT SERVICE CORP. et al., Appellants.—In a negligence action to recover damages for personal injuries, defendants Fiat Service Corp. (Fiat) and Eden Transportation Systems, Inc. (Eden), appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County, dated July 6, 1978, as granted the branch of plaintiff's motion which sought to compel said defendants to produce an accident report. Order affirmed insofar as appealed from, with $50 costs and disbursements. Appellants' time to produce the report is extended until 20 days after entry of the order to be made hereon. The action arises from an accident which occurred in 1974 involving a taxicab, owned by appellant Fiat and driven by the individual defendant, and plaintiff, a pedestrian. Plaintiff moved to compel the appellants, *inter alia,* to produce all reports in their possession relating to the accident. Appellants responded with an affirmation by their attorney stating, in pertinent part, that "the file reflects that the only report of the accident by the operator Aaron Joseph was an attorney's report made to the attorney." The record contains no other facts related directly to the accident report. We believe that Special Term correctly determined that the accident report was subject to disclosure. In these circumstances, the burden rested upon the appellants to demonstrate that the report was prepared solely for purposes of litigation and, therefore, was immune from disclosure (see CPLR 3101, subd [d]; *Mobil Oil Corp. v State of New York,* 52 AD2d 1033; *Weisgold v Kiamesha Concord,* 51 Misc 2d 456). The conclusory statement of appellants' attorney was not sufficient to meet this burden. Damiani, J. P., Titone, O'Connor and Martuscello, JJ., concur.