■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD MULVERHILL, Appellant. — Judgment unanimously affirmed. Counsel's application to withdraw granted *(People v Crawford,* 71 AD2d 38). (Appeal from judgment of Oneida County Court — sodomy, first degree, etc.) Present — Dillon, P. J., Callahan, Doerr, Moule and Schnepp, JJ.

■ GARY R. HILL, as Administrator of the Estate of CAROL A. HILL, Deceased, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 60967.) — Judgment unanimously reversed, on the law and facts, with costs, judgment granted in favor of claimant on the issue of liability and matter remitted to the Court of Claims for further proceedings on the issue of damages, in accordance with the following memorandum: Claimant's decedent, Carol A. Hill, was killed when a car she was driving was struck by another vehicle on Millersport Highway in the Town of Amherst. Claimant's assertion at trial was that the accident resulted from the failure of the State to properly maintain the shoulder of the highway causing the second vehicle to stray onto the wrong side of the highway and strike decedent's car. The court dismissed the claim, concluding that claimant failed to sustain the burden of proving that the State neglected its duty to properly maintain the shoulder of the highway or that it had notice and permitted a dangerous condition to exist. The court found that Mrs. Hill was not contributorily negligent. In a companion case involving a claim of a passenger in the Hill vehicle, this court found that the decision at the Court of Claims was against the weight of the evidence and granted judgment in favor of claimant on the issue of liability, remitting the matter to the Court of Claims for a determination of the amount of damages *(Protzman v State of New York,* 80 AD2d 719). Since the issue raised on both appeals is identical and has necessarily been decided in the earlier appeal in which the State was afforded a full and fair opportunity to litigate the issue of liability, the doctrine of collateral estoppel bars the State from denying liability on this appeal (see *Schwartz v Public Administrator of County of Bronx,* 24 NY2d 65; *Shanley v Callanan Inds.,* 76 AD2d 146; *Augustine v Village of Interlaken,* 68 AD2d 705). (Appeal from judgment of Court of Claims — wrongful death.) Present — Dillon, P. J., Callahan, Doerr, Moule and Schnepp, JJ.

■ ROSE BARATTA, Plaintiff, v JOHN PALLOTTA, Doing Business as SOLVAY AUTOMOTIVE SHOP, Defendant. ROSE BARATTA, Plaintiff, v MOBIL OIL CORPORATION, Defendant and Third-Party Plaintiff-Appellant. JOHN PALLOTTA, Third-Party Defendant-Respondent. — Order unanimously reversed, with costs, and motion denied without prejudice to renew within 20 days from the date of service of the order herein. Memorandum: Third-party defendant's motion for a protective order denying discovery of the results of certain tests was improperly granted (CPLR 3103). A party opposing discovery bears the burden of proving that the material sought was prepared for litigation and, therefore, was immune from disclosure pursuant to CPLR 3101 (subd [d]) *(Koump v Smith,* 25 NY2d 287, 294; *Mobil Oil Corp. v State of New York,* 52 AD2d 1033). The attorney's conclusory allegations were insufficient to meet this burden *(Hunt v Joseph,* 67 AD2d 697). (Appeal from order of Onondaga Supreme Court — examination before trial — protective order.) Present — Dillon, P. J., Callahan, Doerr, Moule and Schnepp, JJ.