(February 18, 1982)

■ LANE BRYANT, INC., Appellant-Respondent, v GERARD COHEN, Respondent-Appellant, et al., Defendants. — Order, Supreme Court, New York County (Okin, J.), entered May 7, 1981, which denied plaintiff's motion for a protective order vacating Demand No. 4 of the defendant's demand for disclosure and inspection and which granted pliantiff's motion to examine a nonparty witness in Florida by means of written questions, modified, on the law, without costs and disbursements, to the extent of directing plaintiff to supply defendant-respondent-appellant with the names only of those suppliers and vendors with whom said defendant dealt and from whom plaintiff has obtained written statements concerning said defendant, and, as so modified, affirmed. Regarding plaintiff's motion to examine a nonparty witness who resides in Florida by means of written questions, we read CPLR 3108 as permitting movant the privilege of electing whether to proceed by written questions or by open commission (oral examination). Of course, the granting of such relief is without prejudice to defendant's conducting the out-of-State examination orally, if defendant so wishes (see 3A Weinstein-Korn-Miller, NY Civ Prac, par 3108.03). Insofar as Special Term denied plaintiff's motion for a protective order and directed plaintiff to turn over all written statements given to plaintiff or otherwise in plaintiff's possession from suppliers and vendors with whom defendant dealt which statements concern defendant, we direct that defendant is entitled in the first instance only to the names of those suppliers and vendors and not to the statements given by them (see *Barton v Diesel Constr. Co.*, 47 AD2d 729; *Zellman v Metropolitan Transp. Auth.*, 40 AD2d 248). On this record defendant has not demonstrated difficulty or impossibility of access to these witnesses or that they have refused to respond to his requests for information. Concur — Murphy, P. J., Ross and Lupiano, JJ.

Birns and Fein, JJ., dissent in part in a memorandum by Fein, J., as follows: Defendant Cohen was employed by plaintiff as a purchasing agent for more than 20 years, until allegations came to the fore that Cohen had been receiving kickbacks and secret commissions from suppliers with whom he had dealt on plaintiff's behalf. When plaintiff failed to receive what it considered to be a satisfactory explanation from defendant, the employment was terminated as of August 31, 1977. Plaintiff then had its law firm conduct an investigation, apparently to determine the extent of these kickbacks and commissions. Retired Judge Joseph Stone, of counsel to plaintiff's law firm, conducted several interviews, notably with one Lewis Press, who stated in a deposition that he had for several years paid secret commissions to defendant on merchandise shipped to plaintiff, amounting to at least $25,000. This deposition was taken in October, 1977, and representatives of other vendors and suppliers with whom defendant had dealt while in plaintiff's employ were interviewed by Stone between late 1977 and early 1978. This action was initiated by

service of a verified complaint in November, 1978. Defendants' Demand No. 4 seeks all written statements in plaintiff's possession from suppliers and vendors concerning their dealings with defendant. Special Term approved this disclosure request. Inasmuch as policy strongly favors full disclosure, the burden is on the party asserting protection to demonstrate the appropriate immunity (*Koump v Smith,* 25 NY2d 287; *Carlo v Queens Tr. Corp.,* 76 AD2d 824). The affidavit of plaintiff's attorney is insufficient to bear this burden (*Baratta v Pallotta,* 81 AD2d 1040; *Hunt v Joseph,* 67 AD2d 697). An affidavit by the investigator himself, Judge Stone, sets forth in a nutshell plaintiff's argument that the statements·obtained by Stone should be immune from disclosure under CPLR 3101 (subd [c] or [d]). First, even though Stone was conducting purely investigatory work on behalf of plaintiff's law firm, he is an attorney and describes himself as having acted "of counsel" to plaintiff's attorneys. Second, Stone points out that prior to his service on the Criminal Court Bench in New York City, he was an Assistant District Attorney in Manhattan. And finally, Stone states categorically (and self-servingly) that the "sole purpose for obtaining these statements was to prepare for this law suit." The fact that plaintiff's lawyers utilized a retired Judge and former Assistant District Attorney to conduct their investigation does not necessarily lead to the conclusion that this investigative work was conducted solely in contemplation of litigation. Obviously the investigative work in the wake of defendant's firing was for the purpose of determining the extent of bribery among the suppliers and vendors with whom plaintiff dealt. The investigation would plainly further business determinations as to the continuation of plaintiff's course of dealing with these suppliers in the future, and even affect the amounts due and payable to such suppliers. To suggest that no such purpose was involved is to ignore reality. Special Term's discretionary order recognized this. There was no abuse of discretion. Even if multipurposed, such investigative efforts would not warrant immunity under CPLR 3101 if litigation were but one of the motives (*Carlo v Queens Tr. Corp., supra;* Siegel, New York Practice, § 348). Standing in stark contrast to the Stone affidavit is the fact that this litigation against defendant was not commenced until mid-November, 1978, even though all of Stone's investigative work, begun in 1977, had been completed by "early 1978". Plaintiff has not sufficiently borne the burden of establishing immunity from the disclosure sought in Demand No. 4. Accordingly, we would affirm the order of Special Term in its entirety.