■ PAUL DU FOUR et al., Plaintiffs, v BLAW-KNOX CORP. — Subsidiary of WHITE CONSOLIDATED INDUSTRIES, Defendant and Third-Party Plaintiff-Appellant. NIEGO BROTHERS, INC., Third-Party Defendant-Respondent. — In an action to recover damages for personal injuries, etc., on theories of products liability, breach of warranty and negligence, the appeal is from an order of the Supreme Court, Orange County (Isseks, J.), dated July 1, 1981, which granted the motion of the third-party defendant for a protective order striking certain items from a notice of discovery. Order modified, to provide that the motion is denied with respect to Item Nos. 1, 2 and 6 of the notice of discovery and that, as to Item No. 3, the motion is granted with leave to the third-party plaintiff to

renew with greater specificity following discovery. As so modified, order affirmed, without costs or disbursements. Respondent's time to comply is extended until 20 days after service upon it of a copy of the order to be made hereon, with notice of entry. On August 23, 1977, plaintiff Paul Du Four was injured while operating a Blaw-Knox 195 Road Widener. Plaintiffs subsequently commenced a personal injury action against Blaw-Knox, manufacturer of the machine. Blaw-Knox thereafter commenced a third-party action against Niego Brothers, Inc., Du Four's employer and the owner of the equipment. In March, 1981, Blaw-Knox served a notice for discovery and inspection demanding that Niego Brothers produce, *inter alia,* "[c]opies of any and all photographs" of the scene of the accident and of the machine involved, "[c]opies of any and all reports" made in connection with any inspection of the machine following the accident, and a "[c]opy of any and all personnel records in the possession of [Niego], or its representatives, concerning the plaintiff Paul DuFour." Niego Brothers thereafter sought a protective order striking those requests. In support of its motion, Niego Brothers submitted a memorandum of law and an attorney's affirmation, both of which asserted that the photographs and reports requested were gathered in preparation for litigation and are capable of duplication. The burden of showing that materials were prepared solely for the purposes of litigation, and are therefore not discoverable unless incapable of duplication, falls upon the party seeking the protective order (see CPLR 3101, subd [d]; *Koump v Smith,* 25 NY2d 287; *Weisgold v Kiamesha Concord,* 51 Misc 2d 456). The conclusory statement offered by the attorney for Niego Brothers is insufficient to meet that burden (see *Hunt v Joseph,* 67 AD2d 697). Accordingly, we hold that Item Nos. 1, 2 and 6 of the notice of discovery, which called for the production of the photographs and reports, should not have been stricken. As to the demand for a copy of all personnel records of Paul Du Four, we agree with Special Term that the request is too broad in scope, but we grant leave to renew with greater specificity after discovery. Mollen, P. J., Titone, Weinstein and Rubin, JJ., concur.