■ GLORIA J. KELLAR, as Administratrix of the Estate of MARJORIE LETENDRE, Deceased, Respondent-Appellant, v VASSAR BROTHERS HOSPITAL et al., Defendants, and M. S. ANSARI et al., Appellants-Respondents. — In a wrongful death action, defendants Ansari and Marcella appeal from so much of an order of the Supreme Court, Dutchess County (Delaney, J.), entered July 6, 1983, as, upon renewal and reargument, adhered to its original determination dated March 29, 1983, granting that part of plaintiff's motion which was for a protective order precluding discovery of a re-autopsy report and the plaintiff cross-appeals from so much of the same order as granted the motion for reargument.

Order modified so as to provide that plaintiff's motion insofar as it is for a protective order precluding discovery of the re-autopsy report is denied and the cross motion insofar as it sought to compel plaintiff to comply with the demand for discovery of the re-autopsy report is granted. As so modified, order affirmed, without costs or disbursements. The order dated March 29, 1983 is modified accordingly.

Plaintiff alleges that defendant doctors, M. S. Ansari and Arnolfo Marcella (hereinafter defendant physicians), are guilty of medical malpractice in that, *inter alia,* they failed to detect and diagnose a potentially mobile tumor in the larynx of the decedent, and that as a result of their malpractice, she suffered aggravation of a preexisting respiratory condition, severe respiratory distress, cardiac arrest and death. The decedent died on October 9, 1981.

The defendant Vassar Brothers Hospital conducted an autopsy on the decedent's body. Thereafter, plaintiff engaged a forensic medical expert who performed a second or re-autopsy. On December 16, 1982, plaintiff commenced this action by service of a summons and verified complaint.

The defendant physicians sought discovery of the re-autopsy report in plaintiff's possession. Plaintiff's counsel moved, *inter alia,* for a protective order precluding discovery of the re-autopsy report, since it was material prepared by plaintiff's expert for litigation. Special Term granted plaintiff's motion insofar as it was for the protective order as to the re-autopsy report. The

defendant physicians moved for leave to reargue and renew. Special Term granted the motion and upon reargument, adhered to its original determination.

The defendant physicians appeal from so much of Special Term's order as adhered to the original determination granting the protective order as to the re-autopsy report. Plaintiff cross-appeals from so much of the same order as granted leave to reargue and renew.

Plaintiff is an aggrieved party who may appeal from so much of Special Term's order as granted the motion for leave to reargue and renew (CPLR 5511). Where, subsequent to the decision on the original motion, the defendant physicians obtained information that the body of plaintiff's decedent had been cremated, Special Term properly exercised its discretion in granting leave to reargue and renew (cf. *Esa v New York Prop. Ins. Underwriting Assn.,* 89 AD2d 865). However, Special Term erred in granting the motion for the protective order as to the re-autopsy report and in failing to grant the defendant physicians' cross motion to compel discovery of that report. Although an expert's opinion, prepared for litigation, is generally not discoverable (CPLR 3101, subd [d], par 1), disclosure of the expert's report will be directed when the material can no longer be duplicated because of a change in conditions and withholding of it will result in injustice or undue hardship (CPLR 3101, subd [d]; see *Morrison v Ellis,* 91 AD2d 1172; *American Home Prods. Corp. v National Carloading Corp.,* 36 AD2d 934; *Bush v E. H. Cottrell, Inc.,* 33 AD2d 983). The plaintiff and the defendant hospital each had their own expert perform an autopsy on the decedent. The defendant physicians had no opportunity to have their own expert perform an autopsy since the body of the decedent was not available to them. The re-autopsy report could no longer be duplicated because of a change in conditions. Where plaintiff has put in issue the physical condition of the decedent, and the interests of the defendant physicians and the defendant hospital may be inconsistent, it would be unjust to limit the defendant physicians, who could not conduct their own autopsy, to discovery of the hospital's autopsy report. Thompson, J. P., Weinstein and Brown, JJ., concur.

Boyers, J., concurs insofar as the majority votes to affirm the portion of the order which grants reargument, dissents insofar as the majority votes to permit the discovery of the re-autopsy report, and votes to affirm the order in all respects, with the following memorandum: CPLR 3101 (subd [d]) conditionally immunizes material prepared for litigation from discovery, stating that such matter "shall not be obtainable unless the court

finds that the material can no longer be duplicated because of a change in conditions and that withholding it would result in injustice or undue hardship" (see *Vernet v Gilbert,* 90 AD2d 846; *Hoffman v Ro-San Manor,* 73 AD2d 207, 211). Encompassed within this category is any writing or thing created for a party and any expert's opinion prepared for litigation (CPLR 3101, subd [d], pars 1, 2; 3A Weinstein-Korn-Miller, NY Civ Prac, par 3101.49a).

The burden of proving that the material sought constitutes material prepared for litigation and is thus not discoverable unless incapable of duplication is upon the party opposing disclosure (*Koump v Smith,* 25 NY2d 287, 294; *Du Four v Blaw-Knox Corp.,* 89 AD2d 900, 901; *Baratta v Pallotta,* 81 AD2d 1040). In the instant case, plaintiff has adequately demonstrated that the re-autopsy report at issue constitutes material prepared for litigation and that she is thus entitled to the conditional exception afforded by CPLR 3101 (subd [d]). Indeed, defendant physicians Ansari and Marcella have conceded this point. However, once it is established that an item constitutes material prepared for litigation, it is incumbent upon the party seeking disclosure (here, defendant physicians) to establish circumstances sufficient to invoke the specific two-pronged exception set forth in CPLR 3101 (subd [d]), namely, that the material sought can no longer be duplicated because of a change in circumstances and that withholding it will result in injustice or undue hardship (*Volpicelli v Westchester County,* 102 AD2d 853; *Thibodeau v Rob Leasing,* 88 AD2d 1085, 1086; *Ruggeiro v Board of Educ.,* 49 Misc 2d 532, 533; see, also, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3101.37, pp 41-42). This the defendant physicians have failed to do.

Assuming, *arguendo,* that the defendant physicians have satisfied the requirement that the material sought can no longer be duplicated, their moving papers unabashedly fail to demonstrate how the withholding of the re-autopsy report will result in injustice or undue hardship. Determinations as to the latter requirement are *sui generis,* each case being decided on its own merits; one important factor for the court to weigh is the difficulties attendant upon obtaining the information sought through other means (3A Weinstein-Korn-Miller, NY Civ Prac, par 3101.55). While, in the present case, the defendant physicians have conducted no autopsy of their own, defendant Vassar Brothers Hospital, the institution which cared for plaintiff's decedent, performed an autopsy as a matter of routine procedure the day after her demise. However, the record before this court is

bereft of any specific evidence that the defendant physicians have secured a copy of this report through the normal disclosure channels available to parties in an action.[*] Nevertheless, the defendant physicians insist, without further elucidation, that this document is insufficient because their interests are now "inconsistent" with those of the codefendant hospital. Based upon such minimal assertions, I find it inconceivable that the initial autopsy report, prepared as a routine matter prior to the commencement of this action, becomes ex post facto inadequate merely because the hospital in which the autopsy procedure was performed has now been sued along with the defendant physicians. Had, for example, the defendant physicians presented sufficient substantial expert allegations that the first autopsy report was substantially deficient in any material respect, I might agree with my learned colleagues that the second autopsy report is presently discoverable, but this is not the case.

Accordingly, in view of the fact that the first autopsy report is available to the defendant physicians by way of disclosure, and given the substantive paucity of their assertions that the withholding of the re-autopsy report will result in injustice or undue hardship, I vote to affirm.

I would additionally note that the defendant physicians should be allowed to renew their motion, if they be so advised, upon a proper showing of injustice or undue hardship (cf. *Volpicelli v Westchester County*, 102 AD2d 853, *supra; Dworkin v Metropolitan Transp. Auth.*, 54 AD2d 922).

---

[*] Special Term did note that the initial autopsy report has been ordered to be made available to all parties.