OPINION OF THE COURT
C. Raymond Radigan, J.
In this probate proceeding the proponent seeks discovery of a diary prepared by one of the objectants. Disclosure is opposed on the grounds that the material is protected by (1) *372 attorney-client privilege, (2) work product immunity, and (3) as material prepared for litigation.
The two objectants in this proceeding are children of the decedent. The proponent is the surviving spouse of a second marriage. At her examination before trial, one of the objectants, Gina DeRise, stated that she wished she had her "book” to assist her in answering a question posed by the proponent’s attorney. She described the book as a review of her relationship with her father.
The proponent demanded disclosure of the diary and the objectant asserted attorney-client privilege. Upon further questioning, the witness was confused as to the date(s) on which the diary was written. However, she stated that it was prepared on her own initiative and not at the direction of her attorney. The attorney who appeared on behalf of the objectant at her examination before trial was an associate of Mr. Schrage, the attorney who interviewed the objectant. The matter was submitted for decision. Mr. Schrage submitted an affidavit stating that the witness was confused at her deposition and that he had instructed her to prepare the diary to assist in the preparation of her case. The objectant submitted an affidavit to the same effect. An in-camera inspection of the document did not reveal the circumstances surrounding its preparation. Due to the conflict between the objectant’s testimony and the affidavits, a hearing was held to determine whether the objectant was required to disclose the diary. At the hearing both the objectant and Mr. Schrage testified that the diary was prepared in connection with the instant litigation.
The objectant asserts that the diary is a confidential communication protected from disclosure under CPLR 3101 (b) and 4503. Where legal advice is sought from an attorney, the communications relating to that purpose, made in confidence by the client, are permanently protected from disclosure absent a waiver (8 Wigmore, Evidence § 2292 [McNaughton rev 1961]) and the privilege applies regardless of whether litigation was pending (8 Wigmore, Evidence § 2294 [McNaughton rev 1961]; 5 Weinstein-Korn-Miller, NY Civ Prac fl 4503.04).
The court accepts the trial testimony that the client was directed to prepare the diary in connection with the instant litigation. The diary was a privileged communication.
At the hearing, the objectant testified that she gave the diary to her husband and mother to review. The proponent *373 alleges that the confidentiality of the communication was thereby waived by the objectant. The objectant contends that the privilege was not waived because the communication to the spouse is protected by the marital privilege (CPLR 4502 [b]) and the communication to the mother by the "parent-child privilege” (Matter of A & M, 61 AD2d 426).
Where the disclosure of information protected by the attorney-client privilege is disclosed in a communication which is itself privileged, there is no waiver. Thus, the disclosure to a spouse with the intention of preserving confidentiality does not amount to a waiver of the attorney-client privilege (Solomon v Scientific Am., 125 FRD 34).
The parent-child privilege enunciated in Matter of A & M (supra) has been held to apply regardless of the child’s age provided that the communication is made to obtain support and guidance from the parent (People v Fitzgerald, 101 Misc 2d 712). The proponent argues that the privilege applies in limited circumstances not present here. However, it is not necessary to resolve the question as the material is protected from disclosure in any event.
The objectant contends that the diary is also attorney work product (CPLR 3101 [c]) and material prepared for litigation (CPLR 3101 [d]). Work product is a separate and distinct source of immunity from the attorney-client privilege and waiver of the attorney-client privilege does not necessarily result in waiver of the protection afforded under the work product category (Handgards, Inc. v Johnson & Johnson, 413 F Supp 926; Miller v Haulmark Transp. Sys., 104 FRD 442) nor would it result in a waiver of immunity for material prepared for litigation.
However, the diary does not meet the requirements of an attorney’s work product. The New York courts have accepted the definition of work product set forth in Hickman v Taylor (329 US 495) (Kenford Co. v County of Erie, 55 AD2d 466). Work product is limited to materials which are uniquely the product of an attorney’s learning and professional skills (Hoffman v Ro-San Manor, 73 AD2d 207).
Whereas an interview conducted by an attorney would come under the heading of attorney work product (Hickman v Taylor, supra, at 511), material prepared solely by the client at the direction of the attorney is generally categorized as material prepared for litigation (3A Weinstein-Korn-Miller, NY Civ Prac f 3101.54). The objectant has established that *374 the diary is material prepared for litigation. (Under the Federal rules, work product is divided into two categories, "factual” work product and attorney work product [4 Moore, Federal Practice § 26.64 (3.-1) (2d ed)]. For cases involving diaries prepared by clients, see, In re Dayco Corp. Derivative Sec. Litig., 102 FRD 468; Moore v Tri-City Hosp. Auth., 118 FRD 646; Solomon v Scientific Am., supra.)
The purpose of the protection granted work product and material prepared for litigation is to protect the effectiveness of a lawyer’s trial preparations by immunizing the same from discovery (Handgards, Inc. v Johnson & Johnson, 413 F Supp 926, supra). Thus, it has been held that a waiver of work product immunity does not result where information is disclosed to a party or other person with a common interest (United States v American Tel. & Tel. Co., 642 F2d 1285; Western Fuels Assn. v Burlington N. R. R. Co., 120 FRD 201). To constitute a waiver, disclosure must be inconsistent with maintaining secrecy as against an adversary and it must significantly increase the possibility that the opposing party will obtain the information (GAF Corp. v Eastman Kodak Co., 85 FRD 46). Here, disclosure of the diary to the objectant’s mother did not increase the likelihood that it would become available to the proponent. Accordingly, there was no waiver.
A suspicion on the part of the proponent that the diary contains valuable information is not sufficient to compel disclosure (Hauger v Chicago, Rock Is. & Pac. R. R. Co., 216 F2d 501). The proponent has failed to establish that she is unable to obtain the substantial equivalent of the diary (CPLR 3101 [d] [2]). The objectant was available for deposition and can be called as a witness at trial to testify regarding her relationship with her father (Ruggeiro v Board of Educ., 49 Misc 2d 532; In re Dayco Corp. Derivative Sec. Litig., 102 FRD 468, supra).
Accordingly, the court finds that the diary is protected from disclosure as material prepared for litigation.