OPINION OF THE COURT
Allan L. Winick, J.
Plaintiff in action No. 2 moves for an order, pursuant to CPLR 3101 (d) (2), compelling discovery and inspection of all prior written and recorded statements given by nonparty witnesses to the defendant and/or her insurance carrier.
Plaintiff’s action arose out of a motor vehicle accident that occurred on August 23, 1992. During the depositions of two nonparty witnesses pursuant to subpoenas issued by the attorneys for the defendants, the nonparty witnesses testified that they had made oral and written statements concerning the accident to both the defendant and her insurance carrier. Plaintiff moves to compel production of the statements in an effort to impeach the nonparty witnesses. Defendant maintains that the statements are work product or material prepared for litigation, and are confidential information protected from discovery.
Plaintiff’s motion asks the court to balance the safeguards established to prevent unwarranted excursions into an insurance carrier’s investigation in anticipation of litigation with the public policy supporting reasonable and necessary discovery of potentially material and relevant information for impeachment purposes. Any attempt to balance these two competing interests requires an examination of the disclosure requirements of CPLR 3101 (c) and (d).
CPLR 3101 (b) exempts from disclosure, upon objection, all "privileged matter”. Subdivision (c) of CPLR 3101 confers an immunity on an "[attorney's work product”, while subdivision (d) extends an immunity to "materials * * * prepared in anticipation of litigation”. CPLR 3101 (c) creates an unqualified, absolute privilege of immunity, and the work product of an attorney must be construed very narrowly, including only materials prepared by an attorney, acting as an attorney, which contain the attorney’s analysis and trial strategy (Graf v Aldrich, 94 AD2d 823; Kenford Co. v County of Erie, 55 *632 AD2d 466; Matter of City of New York [Bleeker St], 43 Misc 2d 173).
In contrast, material prepared for litigation receives only conditional protection from CPLR 3101 (d). In Kandel v Tocher (22 AD2d 513), the Court held that since, by definition, the very purpose of liability insurance "is simply litigation insurance” (supra, at 515), just about everything the insurer and its employees do with respect to securing accident reports and related documents is "in contemplation and in preparation for eventual litigation” (supra, at 515). The Court accorded immunity under CPLR 3101 (d) to the statements and reports secured by the insurer, through attorneys or laypersons, subject to the party seeking to preclude the privilege showing unduplicability and hardship. Should the party requesting disclosure show " 'that the material can no longer be duplicated because of a change in conditions and that withholding it will result in injustice or undue hardship’ ” (supra, at 517) the privilege will be precluded and the materials will be subject to discovery.
The burden of showing that materials were prepared solely for the purpose of litigation, and not in the course of ordinary business, falls upon the party seeking the protective order (Du Four v Blaw-Knox Corp., 89 AD2d 900; Dikun v New York Cent R. R., 58 Misc 2d 439). Witness statements taken in anticipation of or during litigation are conditionally privileged (Sullivan v Smith, 198 AD2d 749). Once it is established that an item constitutes material prepared for litigation, the party seeking disclosure has the burden to meet the conditions of unduplicability and hardship (Volpicelli v Westchester County, 102 AD2d 853; Ruggeiro v Board of Educ., 49 Misc 2d 532).
Neither party in the case at bar disputes that the oral and written statements made to the defendant and her insurance carrier by nonparty witnesses Mischke and Frisicano are privileged as material prepared in anticipation of litigation. The inquiry then turns to whether the privileged information is subject to disclosure because it can no longer be duplicated or withholding the information will result in injustice or undue hardship. Plaintiff has failed to show that withholding the statements causes undue hardship. Both nonparty witnesses were called for depositions by the defendant. There is no proof that a change in conditions, such as a death or severe injury to the nonparty witness, has occurred which would result in the plaintiff, at a later time, not having the opportunity to duplicate the nonparty witnesses’ statements. The *633 plaintiff has given little evidence to show that the statements are completely unavailable. The plaintiff provided only excerpts of the depositions of Mischke and Frisicano, and has failed to establish the required unduplicability, injustice and hardship (Pickwick at Commack Corp. v State of New York, 34 AD2d 1054).
More importantly, plaintiff asks this court to limit the protection provided by CPLR 3101 (d) to provide the plaintiff with potential fodder for impeachment during cross-examinatian. Withholding the nonparty witness statements will not result in hardship or injustice for the plaintiff. This court is not willing to chip away at the privilege in CPLR 3101 (d) solely for the purposes of impeaching a nonparty witness. When balanced against the benefits of the privilege in CPLR 3101 (d), no undue hardship exists for the plaintiff. Although a liberal interpretation of discovery rules is often encouraged (Kenford Co. v County of Erie, 55 AD2d 466, supra), this is not a case where the privilege can be overcome. Full disclosure must yield to other competing values esteemed under our system of jurisprudence (55 AD2d 466, supra). Breaking down the protection provided to materials prepared in anticipation of litigation is not warranted when the movant requires the information solely to prepare for the cross-examination of a nonparty witness. Therefore, the motion is denied.