Opinion issued November 13, 2003











  
 




In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-02-01153-CV
____________
 
IN RE UNION CARBIDE CORPORATION, Relator
 
 

 
 
Original Proceeding on Petition for Writ of Mandamus
 

 
 
MEMORANDUM OPINION
          By petition for writ of mandamus, relator, Union Carbide Corporation,
challenges the trial court’s


 ruling that Union Carbide’s claims of privilege to 17
documents were waived. We conditionally grant the petition for writ of mandamus
in part and deny in part.
Background
          During a document-production deposition in an asbestos case in California,
Waters & Kraus, the attorneys representing the plaintiffs in that suit, submitted six
documents


 for authentication by Union Carbide’s representative. Union Carbide
recognized that the documents were privileged, and it instructed its representative not
to answer the question.



          Union Carbide filed a protective order, and the trial court in California declared
that the documents were privileged and that Union Carbide’s inadvertent disclosure
had not waived its privilege. The trial court ordered Waters & Kraus to return the
privileged documents to Union Carbide and the court also noted that Waters & Kraus
had violated the ethical rules of California for failing to return the documents to
Union Carbide earlier. 
          Shortly after the California court’s ruling, the Mimses, also represented by
Waters & Kraus, filed a motion in this Texas asbestos case to declare that the
documents at issue in California, as well as 17 additional documents, were not
privileged and that any privilege was waived. Union Carbide withdrew any assertion
of privilege for 6 of the 17 additional documents. As a result, the trial court was
asked to determine whether 17 documents were privileged—the six documents that
the California court had found were privileged and 11 additional documents.


 
          The Texas trial court found that Texas law, not California law applied, and that
Union Carbide had “established circumstantially a prima facie case” that the
California documents were inadvertently produced. The court further found,
however, that Union Carbide had waived its claim of privilege by failing to comply
with the 10-day requirement of Texas Rule of Civil Procedure 193.3 (10 days to
amend response after inadvertent production). The trial court also found that a claim
of privilege as to one of the California documents was waived because the document
had been admitted, without objection, into evidence during a trial in another
proceeding. The court ruled that the California documents numbered 5031, 5215, and
5378 were not privileged. Finally, after admitting that it did not review the 11
additional non-California documents, the trial court held that, even if the 11
documents were privileged, any assertion of privilege was waived because of “non-compliance with the ten day requirement” of rule 193.3.
          Union Carbide filed a petition for writ of mandamus, and the Mimses filed a
response. Before this Court ruled on the petition, Judge J. Ray Gayle, III, who had
signed the order from which Union Carbide sought mandamus relief, retired from the
bench. The Honorable Pat Sebesta was sworn in as the new judge of the 239th
Judicial District Court of Brazoria County, Texas. Because mandamus relief cannot
lie against a successor judge in the absence of a refusal by that judge to grant the
relief the relator seeks, we abated this mandamus proceeding in order to allow Judge
Sebesta the opportunity to consider Judge Gayle’s ruling. 
          On January 31, 2003, Judge Sebesta denied Union Carbide’s “Motion to
Reconsider” Judge Gayle’s ruling and stated “Judge Gayle’s Order of October 16,
2002 should not be disturbed.” Union Carbide filed an amended petition for
mandamus seeking mandamus relief from the trial court’s January 31, 2003 order,
which effectively adopted the prior order of October 16, 2002.
                                                         Mandamus
          Union Carbide asserted that its documents are privileged. It was then the trial
court’s responsibility to determine whether the documents were privileged and, if
privileged, whether there was a procedural impediment to the privilege asserted. 
Here, Union Carbide asserted its privilege. The trial court found that three of the
California documents


 were not privileged. There was no explicit ruling as to the
privilege status of the remaining 14 documents—the remaining three California
documents and the 11 additional, non-California documents. The trial court found
that there was a procedural impediment—waiver based on rule 193.3 as well as the
admission of one of the documents in another trial.


 Union Carbide asks that we
vacate the trial court’s order compelling production of the privileged documents. 
          Mandamus is an extraordinary remedy, available only when a trial court clearly
abuses its discretion and when there is no adequate remedy on appeal. Walker v.
Packer, 827 S.W.2d 833, 840-44 (Tex. 1992); In re Kellogg Brown & Root, 7 S.W.3d
655, 657 (Tex. App.— Houston [1st Dist.] 1999, orig. proceeding). An appellate
remedy may be adequate even though it involves more delay or cost than mandamus. 
Walker, 827 S.W.2d at 842.
          The scope of discovery is largely within the trial court’s discretion. Dillard
Dep’t Stores, Inc. v. Hall, 909 S.W.2d 491, 492 (Tex. 1995). However, mandamus
will issue to correct a discovery order if the order constitutes a clear abuse of
discretion and there is no adequate remedy by appeal. In re Colonial Pipeline Co.,
968 S.W.2d 938, 941 (Tex. 1998). A trial court abuses its discretion when it acts in
an unreasonable or arbitrary manner or, stated differently, when it acts without
reference to guiding rules and principles. See, e.g., Beaumont Bank, N.A. v. Buller,
806 S.W.2d 223, 226 (Tex. 1991). A party does not have an adequate remedy by
appeal when: (1) an appellate court would not be able to cure the trial court’s
discovery error, such as when privileged information or trade secrets would be
revealed or production of patently irrelevant or duplicative documents imposing a
disproportionate burden on the producing party is ordered; (2) a party’s ability to
present a viable claim or defense is severely compromised or vitiated by the
erroneous discovery ruling to the extent that it is effectively denied the ability to
develop the merits of its case; or (3) a trial court’s discovery order disallows
discovery which cannot be made a part of the appellate record, thereby denying the
reviewing court the ability to evaluate the effect of the trial court’s error. Walker, 827
S.W.2d at 843.
Rule 193.3
          In its order, the trial court found that “Texas law, not California law, is
applicable, and the provisions of Texas Rules of Civil Procedure 193.3 govern.”
          Texas Rule of Civil Procedure 193.3 permits parties to assert privileges “from
written discovery.” Tex. R. Civ. P. 193.3. Further, rule 193.3 provides that
a party who produces material or information without intending to
waive a claim of privilege does not waive that claim under these rules
or the Rules of Evidence if – within ten days or a shorter time ordered
by the court, after the producing party actually discovers that such
production was made – the producing party amends the response,
identifying the material or information produced and stating the
privilege asserted. 

Tex. R. Civ. P. 193.3(d) (emphasis added). As it states in its brief, “Union Carbide
has never been served with, and therefore has never responded to, any request for
production in this case.” Additionally, Union Carbide repeatedly maintained that it
did not produce the privileged documents. In the California litigation, Union
Carbide’s attorneys tried, on several occasions, to determine how the plaintiffs
obtained the six privileged documents. The Mimses’ attorney stated that he obtained
the documents from other plaintiffs’ counsel in asbestos litigation. Here, before it
issued an order, the trial court sent correspondence to the parties indicating that it was
granting the Mimses’ motion to declare the documents not privileged. In the letter,
the trial court acknowledged that the Mimses’ counsel “never stated to this court how
the documents in question came into their possession.” In its subsequent order, the
trial court found that “the ten day requirement of Rule 193.3, Texas Rules of Civil
Procedure, was not met by Union Carbide, because Union Carbide discovered the
production and release of these documents in the Baruch vs. Bondex International
case [in California].” In effect, the trial court found that Union Carbide waived its
claim of privilege concerning the use of these six documents in this Texas case
because, unbeknownst to Union Carbide, some unknown, non-Union Carbide entity
or person produced the documents, and Union Carbide did not amend its responses
(to discovery that had never been propounded) after discovering during a deposition
in a California case that the privileged documents had been obtained.
          Accordingly, we hold that the trial court abused its discretion in finding that
the provisions of rule 193.3 govern. 
Privileged Documents
          Union Carbide disputes the trial court’s finding that documents 5031, 5215,
and 5378 were not privileged. 
“Most Significant Relationship” Test
          The Texas Supreme Court has used the “most significant relationship” test to
determine which state’s law should be used. The law of the state with the most
significant relationship will apply to a particular substantive issue. Duncan v. Cessna
Aircraft Co., 665 S.W.2d 414, 421 (Tex. 1984). In regard to certain types of
privileged communications, Texas courts have held that the state where the
communication took place is the state with the most significant relationship to the
communication. Ford Motor Co. v. Leggat, 904 S.W.2d 643, 647 (Tex. 1995)
(holding attorney-client communication privilege governed by laws of state where
communication took place). Section 139(2) of the Restatement (Second) of the
Conflict of Laws states:
Evidence that is privileged under the local law of the state which has the
most significant relationship with the communication but which is not
privileged under the local law of the forum will be admitted unless there
is some special reason why the forum policy favoring admission should
not be given effect. 

Restatement (Second) of Conflict of Laws § 139(2) (1988). Section 139(2)
recognizes the “strong policy” a forum state has in disclosing “all relevant facts that
are not privileged under its own local law.” Id. cmt. d. Thus, under section 139(2),
a forum state will admit evidence that is not privileged under local law, unless it finds
that the local policy favoring admission is outweighed by countervailing
considerations. Id.
          Comment d to section 139 sets out certain factors a court should consider in
determining whether to admit evidence that, while privileged in the “most significant
relationship” state, is not privileged in the forum state. Those factors include:
(1) the number and nature of the contacts the forum state has with the
parties and the transaction involved;
 
(2) the relative materiality of the evidence sought to be excluded;
 
(3) the kind of privilege involved; and
 
(4) fairness to the parties. 

Id. The forum state should, according to the Restatement, be more reluctant to give
effect to a foreign privilege if the contacts with the forum state are “numerous and
important.” Id. On the other hand, the forum state should be more inclined to give
effect to a foreign privilege if the facts established by the subject evidence would be
unlikely to affect the outcome of the case or could be proved in some other way. Id.
Likewise, the forum state should be more inclined to give effect to a foreign privilege
if it (1) is well established and recognized in many states, (2) is generally similar to
one or more privileges found in local law, and (3) was relied upon by the parties when
making the communication. Id.
          The Mimses argue that Union Carbide “never formally moved for the trial court
to take judicial notice of any state’s laws” and neglected to provide the trial court
with information required by Rule of Evidence 202 that would enable the trial court
to take judicial notice of a foreign state’s law. However, Union Carbide’s response
to the motion to declare documents not privileged expressly states Union Carbide’s
contention that California law governs the privilege issue. Throughout its response,
Union Carbide provided the trial court with several California cases setting out that
state’s privilege law. See Keene Corp. v. Gardner, 837 S.W.2d 224, 227 (Tex.
App.—Dallas 1992, writ denied) (“Unless a party requests the court to take judicial
notice of or introduces proof of another state’s laws, or the court, on its own motion,
takes judicial notice of another state’s law, we presume the other state’s law is the
same as Texas law.”)
          Here, whether it be Texas, California, or New York law, each state recognizes
a privilege for communications between attorneys and their clients as well as
communications made in anticipation of litigation. See Cal. Evid. Code §§ 950 et
seq. (West 1995 & Supp. 2002); Cal. Code Civ. P. § 2018 (West 1998); N.Y.
C.P.L.R. § 4503(a) (Consol. 1992); N.Y. C.P.L.R. § 3101(c) (Consol. 1991 & Supp.
2002); Tex. R. Evid. 503; Tex. R. Civ. P. 192.5. The purpose of the attorney-client
privilege is to protect the confidential relationship between attorney and client and
to promote full and open disclosure of facts so that the attorney can best represent his
client. See Mitchell v. Superior Court, 691 P.2d 642, 645-46 (Cal. 1984); Tekni-Plex,
Inc. v. Meyner & Landis, 674 N.E.2d 663, 671 (N.Y. 1996); Md. Am. Gen. Ins. Co.
v. Blackmon, 639 S.W.2d 455, 458 (Tex. 1982).
          The work product doctrine preserves the rights of attorneys to thoroughly
prepare cases for trial and to investigate both favorable and unfavorable aspects of
their cases, while preventing attorneys from taking advantage of their opposing
counsel’s efforts. See Cal. Code Civ. P. § 2018(1) (West 1998); In re Pretino, 567
N.Y.S.2d 1009, 1012 (N.Y. Sur. Ct. 1991); Owens-Corning Fiberglas Corp. v.
Caldwell, 818 S.W.2d 749, 750 (Tex. 1991).
Documents 5031, 5215, and 5378
          In its response to the Mimses’ motion to declare the documents not privileged,
Union Carbide attached a declaration from Margaret Johnson, an attorney
representing Union Carbide. Johnson described document 5031 as a letter dated
December 6, 1963 from Frederick A. Cassidy of the Food and Drug Administration
[in Washington, D.C.] to George T. Scriba, of Union Carbide [in New York.]
Attached to the letter is a memorandum containing the impressions, conclusions, and
opinions of Union Carbide’s Legal Department. The attorney-work product doctrine
and attorney-client privilege was claimed solely as to the attachment.
Here, the trial court found that this document was not privileged because it “was
generated by the Department of Health, Education and Welfare.” Union Carbide
repeatedly informed the Mimses that Union Carbide was not asserting a privilege as
to the document from the Food and Drug Administration, but, rather, to the
attachment that describes Union Carbide’s legal department’s conclusions based on
the FDA’s letter.
          After review of the document, we hold that the trial court abused its discretion
in (1) finding that a document (the letter) was not privileged when no privilege was
asserted and (2) failing to find that the attachment to document 5031 was privileged.
           Johnson described document 5215 as a Union Carbide internal memorandum
dated February 9, 1984 from John L. Myers


 (in California) to S.L. Baye of Union
Carbide’s legal department (in Connecticut). The trial court found that the document
was not privileged because seven pages attached to the memo were not the work
product of any legal department. However, the document, on its face, is a litigation
memo. We hold that the trial court abused its discretion when it found document
5215 was not privileged. 
          Document 5378 is also internal correspondence from Union Carbide that was
sent from an illegible location in Union Carbide to someone in the metals division in
New York. The subject line on the document references a lawsuit. The trial court
found that the document “is an explanation of interrogatories, and qualifies as a
supplemental response.” Again, however, a review of the document reveals that it
was generated for internal use during litigation, and we hold that the trial court
abused its discretion in finding that document 5378 was not privileged.
          We hold that the trial court abused its discretion in failing to reconsider Judge
Gayle’s erroneous finding that documents 5031, 5215, and 5378 were not privileged. 
Moreover, because the trial court erroneously ordered the disclosure of privileged
information, Union Carbide does not have an adequate remedy by appeal. Walker,
827 S.W.2d at 843.
Conclusion
          We dismiss the portion of the petition seeking a writ of mandamus on the
ruling by the trial court concerning document 5490. The trial court abused its
discretion in denying the motion to reconsider Judge Gayle’s October 16, 2002 order
which ordered the production of the documents disputed here because Judge Gayle
erroneously found (1) that Texas Rule of Civil Procedure 193.3 governed and (2) that
documents 5031, 5215, and 5378 were not privileged, and Union Carbide does not
have an adequate remedy by appeal. Id. Accordingly, we conditionally and partially
grant the mandamus relief requested, and direct Judge Pat Sebesta to vacate the order
of January 31, 2003 and enter an order in conformance with this opinion. We
presume that Judge Sebesta will comply, and mandamus will issue only should Judge
Sebesta fail to do so. All other relief is denied.
          Relief conditionally granted in part.
 
                                                                        Sherry Radack
                                                                        Chief Justice

Panel consists of Chief Justice Radack and Justices Taft and Jennings.