John H. Pennock, J.
This is a motion by the New York Telephone Company, one of the three defendants in this action, for a protective order pursuant to CPLR 3103, denying, limiting, conditioning and regulating use of the disclosure device to prevent unreasonable annoyance, expense, embarrassment, disadvantage and prejudice to the defendant.
The plaintiff had served upon this defendant a notice requiring it to produce for inspection, copying or photographing certain statements and items which are claimed to be relevant to the cause of action of the plaintiff. The plaintiff seeks: (1) records pertaining to installation of telephone wires and poles, (2) statements of witnesses taken by an agent of the defendant, (3) a copy of the plaintiff’s statement given to an agent of the defendant and in addition, (4) demanded an inspection of photographs of the scene of the accident and (5) inspection of telephone wires and poles which were erected on the premises where the accident occurred.
This notice of disclosure was served pursuant to CPLR 3102 (subd. [d]) and was served concurrently on the defendant with the summons and complaint. The defendant New York Telephone Company immediately made this motion for a protective order pursuant to CPLR 3103. The plaintiff defaulted at Special Term on September 25, 1964 and upon consent of the defendant the default was opened by this court and the plaintiff filed an answer to the motion on March 18, 1965.
This motion presents an important problem of disclosure under article 31 of CPLR as to the extent to which a party may inquire into the written statements, records and photographs, the product of-agents of the defendant prior to the time the claim was made, but made in contemplation of a possible claim. CPLR 3101 provides for a broad scope of disclosures, it provides in part: “ There shall be full disclosure of all evidence material and necessary in the prosecution or defense of an action, regardless of the burden of proof ”. It further defines the parties and individuals who are subject to this provision and establishes certain safeguards to prevent unwarranted excursions into privileged matters, attorney’s work product and materials prepared for litigation. It is under these exclusionary provisions that the defendant makes its motion for a protective order.
CPLR 3101 (subd. [c]) appears to be the primary safeguard under scrutiny on this motion. It is new and has no counterpart in the Civil Practice Act. It emits from Federal practice and *344 adopts the rule set forth in Hickman v. Taylor (329 U. S. 495), subject to subdivision “ (d) ” of the same section. In effect, the defendant claims complete immunity from discovery under the exclusion rule. This it cannot have.
The plaintiff in the instant case claims serious injuries when thrown to the top of a railroad boxcar when he was struck by low-hanging wires. He was removed from the scene of the accident to the hospital and apparently disabled. He did not have the opportunity to make any arrangements for an investigation of his claim. On the other hand, the defendant arranged for photographs of the vicinity of the accident and had statements taken of various witnesses under the direction and control of the defendant and its agents. All of which occurred prior to the time that the defendant’s attorney actually was engaged in the defense of this claim. There was no affidavit submitted by defendant’s agent who actually took the statements and under whose direction photographs were made; therefore the court can only assume that certain activities in the way of investigation were made by the defendant as admitted to by the affidavits of the defendant’s attorneys.
It appears that CPLR 3101 covering scope of disclosure is a culmination of prior case rule as well as statutory rules with intent to broaden its application. Apparently the Legislature adopted the Federal rule that the deposition-discovery rules are to be accorded a broad and liberal treatment as held in the Hickman case (supra, p. 507): “ No longer can the time-honored cry of ‘ fishing expedition ’ serve to preclude a party from inquiring into facts underlying his opponent’s case. Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession. The deposition-discovery procedure simply advances the stage at which the disclosure can be compelled from the time of the trial to the period preceding it, thus reducing the possibility of surprise. But discovery, like all matters of procedure, has ultimate and necessary boundaries. ” However, even applying this broad interpretation to the instant case, the court cannot agree with the plaintiff’s contended right to copies of statements of other witnesses without some justification. This is simply an attempt by the plaintiff to secure written statements without having first made any attempt himself to secure such statements. The witnesses listed are members of the crew of the same train on which the plaintiff was working and he actually names two of the crew members from whom statements were taken. The plaintiff can contact these parties to obtain statements and if such are not *345 obtainable, then make application to the court for relief under proper circumstances. The plaintiff has failed to show this court where he is entitled to the statements of witnesses pursuant to the rule. It might well be that he would be entitled to the statements if he met the prerequisite of making his own investigation. (Kandel v. Tocher, 22 A D 2d 513.) In that case (p. 515) the court said: “ The kind of investigation, reports and statements involved in the performance of an insurer’s responsibility under automobile liability insurance is not to be confused with the investigation, reports, and statements resulting from the regular internal operation of an enterprise. * * * Thus, the material resulting from an investigation made by a public utility in connection with an accident occurring in its operation may be a part of the regular business of conducting the utility.” The disclosure proceeding is not to be employed as a substitute for a party’s diligence in his own investigation and while the policy of discovery is broadened, discovery should not be permitted to substitute for independent investigation of facts which are readily available to both parties. Therefore the court determines that the defendant is granted a protective order in respect to the statements of the named witnesses.
The plaintiff has properly identified the records which he desires for discovery. The defendant’s contention that the records are not readable by other than experts has no bearing on the discovery. If necessary the plaintiff can obtain an expert to make his own readings of the records.
The court further determines that the plaintiff is entitled to discovery of the photographs made by the agent of the defendant. Withholding of the photos would result in injustice to the plaintiff. The photographs would be subject to production on a trial if demanded by the plaintiff. (Bloodgood v. Lynch, 293 N. Y. 308.) It is common knowledge that the photographs of the accident scene cannot be duplicated at this time by the plaintiff.
The plaintiff is also entitled to a copy of his own statement as demanded. The statute sets forth specifically that plaintiff is entitled to a copy of his own statement. (CPLR 3101, subd. [e].)
The court further determines that the plaintiff is entitled to an inspection of the poles and wires at a reasonable time on the premises of the defendant. It is obvious that any independent inspection of these items without permission by the plaintiff would in effect constitute him as a trespasser on the defendant’s property. Discovery is the orderly process for the plaintiff to take rather than to trespass upon a defendant’s public utility *346 property for the purposes of an inspection. The records of the defendant as demanded by the plaintiff should normally fully disclose and identify the poles and the wires to facilitate inspection by the plaintiff. It would be cumbersome to require the plaintiff to await the result of the inspection of the records as a condition precedent for an order of inspection. The inspection can be made when the records are furnished. Therefore the plaintiff is granted the prerogative to inspect the records first before making arrangements pursuant to this decision as to inspection of the material objects demanded.
In conclusion the defendant’s motion for a protective order is denied with the exception that it is granted as to statements taken by the defendant’s agent of witnesses without prejudice to the plaintiff for an application if such statements are not available to him upon an investigation after reasonable effort is expended. At the present time the record does not disclose any facts to substantiate the court’s denying the motion for a protective order in that respect.
Motion granted in part as determined herein, without costs and defendant to submit order in compliance with this decision.