■ WILLIAM L. PARKER, Appellant-Respondent, v. NEW YORK TELEPHONE COMPANY, Respondent-Appellant, et al., Defendants.— AULISI, J. Plaintiff appeals from so much of an order of the Supreme Court at Special Term, Albany County, which granted to defendant New York Telephone Company on July 19, 1965 a protective order (CPLR 3103) against disclosure by said defendant of statements taken from witnesses by its agents, and defendant appeals from an order of the same court dated October 22, 1965 which denied its motion to modify that part of the July 19, 1965 order which provided that the protection order be only conditional. The complaint in this action alleged that the plaintiff was injured while employed as a brakeman on the New York Central Railroad. He was riding on the top of a freight car and was knocked

down onto the roof of said freight car by the defendant-appellant New York Telephone Company's wire. The plaintiff sought discovery and inspection of certain records of said appellant and of statements obtained by it from witnesses including the train's conductor, brakeman, fireman and engineer. Contending that its records and statements of witnesses were taken in preparation for litigation, the telephone company moved for a protective order pursuant to CPLR 3101. Special Term on July 19, 1965 granted this motion only insofar as it pertained to the statements taken from the witnesses, reasoning that plaintiff had not made sufficient effort to obtain statements from said witnesses himself and the record at that time did not disclose any facts to justify denial of the motion for a protective order. The plaintiff, however, was not precluded from making a further application after reasonable effort had been expended in making his own investigation. That part of the motion regarding the production for inspection and copying of certain records pertaining to the installation of the telephone wires, alleged to be involved here, was denied and the defendant ordered to produce them. On plaintiff's appeal from the order denying discovery of the statements of the witnesses taken by defendant, we are also of the opinion that Special Term was well within its discretion in denying same but not precisely for the reasons given. In our view, these statements are material prepared for litigation and therefore must be withheld until it is shown that such material can no longer be duplicated because of a change in conditions and that withholding it will result in injustice and undue hardships (CPLR 3101, subd. [d]). The peculiar facts that the statements were taken by defendant self-insurer's claims bureau from witnesses who were not defendant's employees lead to no reasonable conclusion other than that the statements were created in preparation for litigation (*Kandel* v. *Tocher*, 22 A D 2d 513); but under these circumstances the plaintiff, admitting that he made no attempt to see the witnesses or otherwise complying with the requirements of the section, is not entitled to the statements; thus having failed to show that the material can no longer be duplicated and that withholding it will cause injustice and hardship within the meaning of subdivision (d). In view of our conclusions the appeal from the order of October 22, 1965 becomes academic. Order entered July 19, 1965 affirmed, and appeal from order entered October 22, 1965 dismissed as academic, without costs. Gibson, P. J., Herlihy, Reynolds and Hamm, JJ., concur. [47 Misc 2d 342.]