■ CHRISTA S. DUGGAL, Respondent, v BALDEV DUGGAL, Appellant.—In a matrimonial action, the defendant husband appeals from an order of the Supreme Court, Westchester County, dated January 22, 1976, which granted plaintiff's motion to direct him to appear for an examination before trial and to produce certain documents and papers with respect to the pleadings. Order affirmed, with $50 costs and disbursements. The examination shall proceed at a time and place to be fixed in a written notice of not less than 10 days, to be given by plaintiff, or at such time and place as the parties may agree. The time within which plaintiff may serve such notice is extended until 14 days after entry of the order to be made hereon. Under the circumstances of this application, the court was warranted in granting an examination before trial. Martuscello, Acting P. J., Latham, Cohalan, Rabin and Hawkins, JJ., concur.

■ THAD DWORKIN, an Infant, by His Father and Parent, JOSEPH E. DWORKIN, et al., Respondents, v METROPOLITAN TRANSPORTATION AUTHORITY et al., Appellants, et al., Defendants.—In a negligence action to recover damages for personal injuries, etc., the Metropolitan Transportation Authority and the Staten Island Rapid Transit Operating Authority appeal from so much of an order of the Supreme Court, Richmond County, dated June 2, 1976, as directed that they furnish plaintiffs with "copies of all statements of witnesses, whether written or tape recorded, in the possession of said [appellants'] attorneys". Order reversed, insofar as appealed from, without costs or disbursements, and the said direction is deleted from the order. Plaintiffs have not shown that the statements which the court ordered disclosed cannot be duplicated (the statements were taken from three friends of the infant plaintiff) and that the withholding of them will result in injustice or undue hardship. Thus, they are privileged from disclosure (see CPLR 3101, subd [d]; *Zellman v Metropolitan Transp. Auth.*, 40 AD2d 248). If the witnesses are no longer available, the motion may be renewed as to them upon a showing of injustice or undue hardship. Hopkins, Acting P. J., Martuscello, Cohalan, Margett and Shapiro, JJ., concur.

■ THOMAS HYNES, Appellant, v JOSEPH F. DAMICO, Respondent.—In a negligence action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Nassau County, entered December 19, 1975, which, after a jury trial, is in favor of defendant and against him. Judgment reversed, on the law, and new trial granted, with costs to abide the event. No contention has been raised with regard to the sufficiency of the evidence. The trial court erred in charging the jury on the possibility of an emergency situation being present. There were no facts presented at the trial upon which the jury could find that defendant was responding to an emergency situation (see *Demme v Elmer J. Fogerty, Inc.*, 47 AD2d 851). Margett, Rabin, Titone and Hawkins, JJ., concur; Latham, Acting P. J., dissents and votes to affirm the judgment.