# (October 25, 1983)

■ CAROL FRIEDMAN, Respondent, v WHITE LAKE HOTEL & COTTAGE, INC., Doing Business as LAUREL HOUSE, Appellant. — Order, Supreme Court, New York County (Alvin F. Klein, J.), entered on June 6, 1983 granting plaintiff's motion to strike defendant's answer upon defendant's failure to comply with a prior order and denying defendant's cross motion for a stay, unanimously modified, on the law, the facts and in the exercise of discretion, so as to deny plaintiff's motion, and the order is otherwise affirmed, with costs and disbursements. The appeals from orders of said court (1) entered on February 1, 1983 (Alvin F. Klein, J.), which directed that defendant provide to plaintiff a copy of the incident report and (2) entered on November 15, 1982 (Alfred M. Ascione, J.), which directed that defendant furnish a copy of the same incident report, are dismissed, without costs, as having been superseded by the aforesaid order entered June 6, 1983. In this negligence action arising from a fall, the motions leading to the above orders were preceded by the defendant's motion for a protective order against, *inter alia,* a demand for written accident reports. The protective order was granted by Justice Parness, except that the defendant was ordered to produce a copy of any "incident report". Thereafter, in response to a motion by the defendant, Justice Ascione extended the time for the defendant to produce "a copy of the incident report" previously ordered by Justice Parness or have its answer stricken upon failure to so comply. Upon the motion before Justice Klein it became clear that what the plaintiff was seeking, and received, was the production of a letter from the defendant describing the accident to its insurance carrier. This direction was erroneous. Such reports from a defendant to its insurer, having been made in preparation for litigation, are conditionally privileged (CPLR 3101, subd [d]; *Hill v Misericordia Hosp. Med. Center,* 91 AD2d 915; *Vernet v Gilbert,* 90 AD2d 846). Plaintiff's argument that defendant is barred from these appeals by its failure to have appealed the Parness order is not persuasive. That order was not in response to a motion to compel

discovery and, unlike the Ascione order, directed no penalty for any failure to produce. Further, the defendant ultimately complied with the Parness order to the extent required when, in response to the Ascione order, it produced an "incident report" apparently abstracted from the defendant's letter to its insurer. Concur — Sandler, J. P., Ross, Fein and Lynch, JJ.