■ DOLORES VOLPICELLI, Individually and as Administratrix of YOLANDA ROHLSEN, Deceased, Respondent, v WESTCHESTER COUNTY, Appellant, et al., Defendant. — In a wrongful death action, defendant Westchester County appeals from an order of the Supreme Court, Westchester County (Palella, J.), entered October 19, 1983, which denied its motion for an order directing that plaintiff turn over "all statements, notes, summaries or any other record given by or taken from a non-party witness, to wit: Mr. Alex Hernandez". ¶ Order affirmed, with costs, without prejudice to defendant Westchester County to renew its motion, if it be so advised, in accordance herewith. ¶ The notes made by plaintiff's private investigator based upon his contact with the nonparty witness Hernandez constitute material prepared for litigation, which is conditionally exempt from disclosure under CPLR 3101 (subd [d]) (cf. *Williams v Metropolitan Transp. Auth.,* 99 AD2d 530). ¶ While the burden of establishing immunity from discovery rests on the party resisting discovery (see *Koump v Smith,* 25 NY2d 287; *Zimmerman v Nassau Hosp.,* 76 AD2d 921), once it is established that an item constitutes material prepared for litigation, it is the party seeking disclosure based upon the stated conditions of CPLR 3101 (subd [d]) who has the burden of proof as to those elements (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3101:37, pp 41-42; see *Ruggeiro v Board of Educ.,* 49 Misc 2d 532; see, also, *Parker v New York Tel. Co.,* 24 AD2d 1067). Inasmuch as the record is bereft of evidence as to even a minimal good-faith effort on the part of defendant Westchester County to contact the nonparty witness Hernandez, whose last known place of employment was furnished by plaintiff, the county has failed to demonstrate that the material sought is no longer available for duplication and that its withholding will result in injustice or undue hardship (CPLR 3101, subd [d]). Accordingly, Special Term properly denied the county's motion for disclosure (see *Parker v New York Tel. Co., supra*). We note that the county may renew its motion, if it be so advised, upon a proper showing that the nonparty witness Hernandez is unavailable and that the withholding of the material sought will result in injustice or undue hardship (see *Dworkin v Metropolitan Transp. Auth.,* 54 AD2d 922). Lazer, J. P., Brown, Boyers and Eiber, JJ., concur.

■ WYCKOFF HEIGHTS HOSPITAL, Appellant, v MARY E. MANN, as President of the Tax Commission of the City of New York, et al., Respondents. — In an action to declare that the action of the defendant New York Tax Commission in refusing to restore plaintiff's tax exemption was contrary to law, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Hirsch, J.), dated June 23, 1982, which, upon defendants' motion, granted them summary judgment and dismissed the complaint. ¶ Judgment modified, on the law, by adding a provision thereto declaring that the actions of the defendant Tax Commission in refusing to restore plaintiff's tax exemption were not contrary to law. As so modified, judgment affirmed, without costs or disbursements. ¶ Under the facts of this case, where the charitable use has been abandoned, there is no indication that the property will be used by plaintiff for tax-exempt purposes, and the property has been offered for sale during the tax periods in question, we conclude that plaintiff is not entitled to tax-exempt status and summary judgment was properly granted to defendants. However, we have modified the judgment so as to make the proper declaration (see *Lanza v Wagner,* 11 NY2d 317, 334, app dsmd 371 US 74). Gibbons, J. P., Thompson, Bracken and Niehoff, JJ., concur.