*571 OPINION OF THE COURT
Adolph C. Orlando, J.
Defendant moves for an order compelling claimant to comply with its notice for discovery and inspection.
This is an action in medical malpractice and wrongful death. Decedent, Evelyn Maher, expired while under treatment at Downstate Medical Center.
Shortly after her death, members of Mrs. Maher’s family sought and secured a conference with Dr. Macchia, the decedent’s physician. At that meeting, without Dr. Macchia’s knowledge, Arlene Bray, Mrs. Maher’s daughter, tape-recorded the entire conversation. By this motion the defendant seeks the cassette tape recording of that meeting.
The claimant argues that the defendant is not entitled to such recorded conversation on the grounds that:
(A) Dr. Macchia is not a party to the action, and
(B) the material sought was prepared for litigation and, hence, not discoverable.
From the papers before this court, it is apparent that Dr. Macchia may be a private attending physician and, accordingly, cannot be sued in this court. Therefore, since he is not a party, his own statement is not discoverable in this action (CPLR 3101 [e]).
A party resisting discovery of the material must establish in the first instance whether it was prepared for litigation (Volpicelli v Westchester County, 102 AD2d 853). In this case, Mrs. Maher’s family apparently made the tape solely in anticipation of a lawsuit to redress for what they believed was a negligent act resulting in the death of their mother (Zampatori v United Parcel Serv., 94 AD2d 974).
The defendant has not established nor demonstrated to this court that the withholding of such material will result in injustice or undue hardship (Volpicelli v Westchester County, supra).
This matter is analogous to the contents of an insurer’s claim file which is prepared for and with a view towards litigation (Grotallio v Soft Drink Leasing Corp., 97 AD2d 383; Vernet v Gilbert, 90 AD2d 846; cf. Bayer v Bayer, 113 Misc 2d 391). Accordingly, on that basis the court must deny the defendant’s motion.