■ BENJAMIN RECANT, Respondent, v RICHARD HARWOOD, Appellant. [635 NYS2d 231] —Order of the Supreme Court, New York County (Paula J. Omansky, J.), entered November 18, 1994, insofar as it granted plaintiff's motion to compel discovery of statements made to defendant's insurance adjuster, unanimously reversed, on the law, without costs, the motion denied, and defendant granted a protective order with respect to this material.

At issue on this appeal is whether statements made by defendant to his personal liability insurance carrier constitute material prepared in contemplation of litigation so as to exclude them from discovery pursuant to CPLR 3101 (d) (2). Plaintiff, Benjamin Recant, brought this action for personal injuries sustained when he was struck by a car driven by defendant, Richard Harwood, on November 1, 1990. Following defendant's examination before trial, plaintiff demanded, pursuant to CPLR 3101 (g), that defendant produce "[t]he investigation and/or liability file of Liberty Mutual Insurance Company regarding this accident including all statements of defendant Richard Harwood taken prior to the commencement of [this action]." In the order appealed from, Supreme Court

directed defendant to produce the file, granting leave to appeal to this Court the issue of whether the statements are protected from disclosure though initially made, in addition to any litigation purposes, for the asserted business purpose of verifying plaintiff's application for no-fault insurance benefits.

It is well settled that the primary obligation of an insurer is to provide its insured with a defense and, hence, it is said that the duty to defend is broader than the duty to indemnify (*Goldberg v Lumber Mut. Cas. Ins. Co.*, 297 NY 148, 154). As this Court stated in *New Hampshire Ins. Co. v Jefferson Ins. Co.* (213 AD2d 325, 326-327), "the duty to defend is triggered if facts alleged in the complaint fall within the scope of coverage intended by the parties at the time the contract was made (*Album Realty Corp. v American Home Assur. Co.*, 80 NY2d 1008)." By contrast, the duty to indemnify requires a determination of liability (*Muhlstock & Co. v American Home Assur. Co.*, 117 AD2d 117, 122).

Prior to the enactment of CPLR 3101 (g) (L 1980, ch 283, § 1), this Court recognized that automobile liability insurance "has as its purpose the defense and settlement of claims made against the insured because of the insured's liability at law to respond in damages for his acts or omissions in the ownership or operation of an automobile. The policy requires the insurer to represent and defend the insured in the event an action such as this is brought against him * * * In consequence, once an accident has arisen there is little or nothing that the insurer or its employees do with respect to an accident report except in contemplation and in preparation for eventual litigation or for a settlement which may avoid the necessity of litigation" (*Kandel v Tocher*, 22 AD2d 513, 515 [Breitel, J.]).

As noted in *James v Metro N. Commuter R. R.* (166 AD2d 266, 267), there is some tension between CPLR 3101 (g), requiring disclosure of business records, and CPLR 3101 (d) (2), protecting material prepared in contemplation of litigation, and the two provisions "appear to be in conflict when an accident report prepared in the regular course of business is also prepared in anticipation of litigation." However, there is a "sharp distinction between accident reports which result from the regular internal operations of the business, even where the sole motive behind the business operation is litigation, in which case the reports are discoverable under CPLR 3101 (g), and those which are produced solely in connection with the report of an accident to a liability insurance carrier or to an attorney with respect to plaintiff's claim, in which case they are not" (*supra*, at 267-268; *see also, Vivitorian Corp. v First Cent. Ins.*

*Co.*, 203 AD2d 452 [2d Dept]; *Calkins v Perry*, 168 AD2d 999 [4th Dept]; *Pataki v Kiseda*, 80 AD2d 100 [2d Dept]). In any event, the applicable rule is that an accident report, made by a defendant to his liability insurance carrier or to his attorney with respect to a plaintiff's claim, is conditionally privileged, which is to say that it is immune from discovery unless it can be established that a substantial equivalent of the material cannot be obtained by other means without undue hardship (CPLR 3101 [d] [2]). The rule has been consistently applied in this Department (*e.g., James v Metro N. Commuter R. R., supra; Friedman v White Lake Hotel & Cottage*, 97 AD2d 387; *Hill v Misericordia Hosp. Med. Ctr.*, 91 AD2d 915), as elsewhere (*Sullivan v Smith*, 198 AD2d 749 [3d Dept]; *Calkins v Perry, supra* [4th Dept]; *Matos v Akram & Jamal Meat Corp.*, 99 AD2d 527 [2d Dept]). In the absence of any demonstration of hardship by plaintiff, the insurer's file remains privileged.

We discern no merit to plaintiff's argument that use of the statements at issue for purposes of verifying defendant's no-fault insurance coverage constitutes a business use of the material. It remains that statements were made to the insured's liability carrier and are therefore conditionally privileged. As stated in *Kandel v Tocher* (*supra*, at 517-518): "automobile liability insurance, just because it is litigation insurance, is an institutionalized substitute for the individualized attorney-client relationship in litigation or contemplated litigation. In appropriate and parallel contexts it is entitled to similar protection. In short, there is no useful purpose revealed, and every noxious hazard now indicated, if adverse parties in tort actions should be entitled to receive material created by the automobile liability insurer in preparation for handling the claims made against its insureds." Concur—Rosenberger, J. P., Rubin, Kupferman, Asch and Mazzarelli, JJ.