■ MIGDALIA DAVILA, Plaintiff, v ENVIRONMENTAL PRODUCTS & SERVICES, INC., et al., Defendants. (Action No. 1.) MARIA PEREZ et al., Appellants, v ENVIRONMENTAL PRODUCTS & SERVICES, INC., et al., Respondents, et al., Defendant. (Action No. 2.) [703 NYS2d 538] —In two related actions to recover damages for personal injuries, etc., Maria Perez and Ernesto Rivera Perez, the plaintiffs in Action No. 2, appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Cozzens, J.), dated June 21, 1999, as denied their motion to compel the production of an audio tape recording and transcription of an interview of the defendant Glenn Suarez.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly denied the appellants' motion to compel the production of the audio tape recording and transcription of an interview of Glenn Suarez, a defendant in both actions, on the ground that the items constituted material prepared in anticipation of litigation (*see,* CPLR 3101 [d] [2]). The audio tape recording and the transcription thereof were made, produced, and possessed by the insurer for the defendant Environmental Products & Services, Inc. (hereinafter Environmental), and were not made, produced, or possessed by Environmental (*see,* CPLR 3101 [d]; *Recant v Harwood,* 222 AD2d 372, 373; *Volpicelli v Westchester County,* 102 AD2d 853; *Friedman v White Lake Hotel & Cottage,* 97 AD2d 387; *Williams v Metropolitan Transp. Auth.,* 99 AD2d 530).

In addition, the appellants failed to demonstrate that the substantial equivalent of the material sought cannot be obtained by other means without undue hardship (*see,* CPLR 3101 [d] [2]; *Recant v Harwood, supra*; *Volpicelli v Westchester County, supra*). Mangano, P. J., Santucci, Krausman and Florio, JJ., concur.