■ PATRICK ROCHFORD, Appellant, v LONG ISLAND RAILROAD COMPANY et al., Respondents. [710 NYS2d 84] —In an action to recover damages for personal injuries, the plaintiff appeals (1) as limited by his brief, from so much of an order of the Supreme Court, Nassau County (McCaffrey, J.), dated July 7, 1999, as denied those branches of his motion which were to depose additional employees of the defendants and obtain certain documents, and (2) from an order of the same court dated September 1, 1999, which, after an in camera inspection, denied that branch of his motion which was to disclose the handwritten statement of a nonparty eyewitness on the ground that the statement constituted material prepared for litigation.

Ordered that the order dated July 7, 1999, is modified, by deleting the provisions thereof denying those branches of the plaintiff's motion which were to depose Lawrence Zitzmann and Victor Anes and substituting therefor provisions granting those branches of the motion; as so modified, the order dated July 7, 1999, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated September 1, 1999, is reversed, and that branch of the plaintiff's motion which was to disclose a handwritten statement of a nonparty witness is granted; and it is further,

Ordered that plaintiff is awarded one bill of costs; and it is further,

Ordered that the depositions of Lawrence Zitzmann and Victor Anes shall be conducted within 90 days after service upon their attorneys of a copy of this decision and order at a time and place to be specified in written notices of not less than 10 days, to be given by the plaintiff to the defendants, or at such other time and place as the parties may agree.

It is apparent from the record that the testimony of Lawrence Zitzmann and Victor Anes is material and necessary to the plaintiff's claim (*see, Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403, 406; *Matter of Town of Pleasant Val. v New York State Bd. of Real Prop. Servs.,* 253 AD2d 8; *Cucci v City of New York,* 233 AD2d 476). Indeed, these witnesses were listed in the defendants' response to the plaintiff's notice to produce the names and addresses of witnesses. Under the circumstances of this case, including the plaintiff's amnesia with respect to the events surrounding the accident, these witnesses should be deposed (*see, Zollner v City of New York,* 204 AD2d 626).

The handwritten statement of the nonparty witness is inconsistent in a material respect with his testimony at his deposition. Accordingly, the statement should be disclosed pursuant to the provision of CPLR 3101 (d) (2), which permits disclosure of material prepared for litigation where the plaintiff has substantial need of it and is unable to obtain its substantial equivalent (*see, CMRC Corp. v State of New York,* 270 AD2d 27; *Matter of Hicksville Props. v Board of Assessors,* 116 AD2d 717).

The plaintiff's remaining contentions are without merit. Joy, J. P., Thompson, Goldstein and Feuerstein, JJ., concur.