■ FRIDA YASNOGORDSKY, Appellant, v CITY OF NEW YORK, Defendant, and NEW YORK CITY TRANSIT AUTHORITY, Respondent. [722 NYS2d 248] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Hutcherson, J.), dated January 26, 2000, as denied that branch of her motion which was to compel the defendant New York City Transit Authority to disclose a statement of a nonparty-witness on the ground that the statement constituted material prepared for litigation.

Ordered that the matter is remitted to the Supreme Court, Kings County, to conduct an in camera review of the statement of nonparty-witness, Evelyn Shaw, and to report its finding as to whether the statement is inconsistent in a material respect with her testimony at her deposition, and the appeal is held in abeyance in the interim.

The plaintiff was injured while attempting to board a bus. She sought disclosure of a statement made by nonparty-witness, Evelyn Shaw, to a New York City Transit Authority investigator who interviewed Shaw following the accident. Generally, statements by nonparty-witnesses obtained in an investigation after an accident are immune from disclosure under CPLR 3101 (d) (2) as material prepared for litigation (*see, Zellman v Metropolitan Transp. Auth.,* 40 AD2d 248, 251; *see also, Kane v Her-Pet Refrig.,* 181 AD2d 257, 262). However, where the statement of a nonparty-witness is inconsistent in a material respect with his or her testimony at a deposition, the statement should be disclosed pursuant to that provision of CPLR 3101 (d) (2) which permits the disclosure of material prepared for litigation where the plaintiff has substantial need of it and is unable to obtain its substantial equivalent without undue hardship (*see, Rochford v Long Is. R. R. Co.,* 273 AD2d 291). The Supreme Court should not have decided that branch of the plaintiff's motion which was to compel disclosure of Shaw's statement without reviewing that statement in camera (*cf., Rochford v Long Is. R. R. Co., supra*). Accordingly, the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith, and the appeal is held

in abeyance in the interim. O'Brien, J. P., Friedmann, Goldstein and Smith, JJ., concur.