■ JACQUELINE DEGOURNEY, Respondent, v NOREEN MULZAC, Appellant, et al., Defendant. [732 NYS2d 97] —In an action to recover damages for personal injuries, the defendant Noreen Mulzac appeals from an order of the Supreme Court, Queens County (Thomas, J.), dated August 11, 2000, which denied her motion, *inter alia*, to compel the plaintiff to comply with her notice of discovery and inspection dated May 1, 2000.

Ordered that the order is affirmed, with costs.

The Supreme Court correctly denied that branch of the appellant's motion which sought discovery of the piece of paper upon which the license plate number of the alleged offending vehicle had been written by an eyewitness to the pedestrian-automobile collision, as the plaintiff established that the piece of paper was no longer in her possession (*see, Romeo v City of New York,* 261 AD2d 379; *Castillo v Schein,* 259 AD2d 651; *Wilensky v JRB Mktg. & Opinion Research,* 161 AD2d 761; *Rosado v Mercedes-Benz of N. Am.,* 103 AD2d 395).

The Supreme Court providently exercised its discretion in denying that branch of the appellant's motion which was to compel disclosure of a written statement by a nonparty eyewitness answering questions posed by the plaintiff's attorney. This statement is immune from disclosure pursuant to CPLR 3101 (d) (2) since it constitutes material prepared for litigation (*see, Yasnogordsky v City of New York,* 281 AD2d 541; *Kane v Her-Pet Refrig.,* 181 AD2d 257, 262; *Zellman v Metropolitan Transp. Auth.,* 40 AD2d 248), and the appellant failed to demonstrate that she had a substantial need of it and was unable to obtain its substantial equivalent without undue hardship (*see,* CPLR 3101 [d] [2]). Indeed, the witness already had been deposed, and the appellant failed to demonstrate any likelihood that the letter contains any information differing from that which had been previously disclosed (*see, Saieh v Demetro,* 201 AD2d 477). Santucci, J. P., S. Miller, Luciano, Feuerstein and Adams, JJ., concur.