■ MARC STRAUS, Respondent, v JEFFREY AMBINDER, Appellant. [878 NYS2d 70]—

In an action, inter alia, to recover damages for the breach of a limited liability company agreement, the defendant appeals from an order of the Supreme Court, Westchester County (Donovan, J.), entered September 25, 2007, which granted the plaintiff's motion for a protective order to prevent the disclosure of documents requested in a subpoena that the defendant served on a nonparty accounting firm.

Ordered that the order is affirmed, with costs.

The plaintiff met his burden of proving that the subpoenaed documents were protected by the attorney-client privilege (*see* CPLR 3101 [b]; 4503 [a]; *Matter of Priest v Hennessy,* 51 NY2d 62, 69 [1980]). While a court is not bound by the conclusory characterizations of a client or his attorney, here, there was no reason to disregard the attorney's sworn statement regarding the nature of the engagement of the accounting firm (*see Spectrum Sys. Intl. Corp. v Chemical Bank,* 78 NY2d 371, 379-380 [1991]).

In any event, the plaintiff also established that the requested documents were protected as material prepared by the accountants for his attorneys in anticipation of litigation (*see* CPLR 3101 [d] [2]; *Carrafiello v Massachusetts Mut. Life Ins. Co.*, 266 AD2d 117 [1999]). Where, as here, the party seeking to prevent disclosure makes the required showing that the documents were prepared solely for litigation, the burden shifts to the party seeking disclosure to establish that there is a substantial need for the materials and they cannot be obtained elsewhere without undue hardship (*see Volpicelli v Westchester County*, 102 AD2d 853 [1984]; *Zimmerman v Nassau Hosp.*, 76 AD2d 921 [1980]). Inasmuch as the defendant failed to show that he could not obtain the requested documents without undue hardship, the Supreme Court properly issued the protective order.

The defendant's remaining contentions are without merit. Spolzino, J.P., Florio, Miller and Eng, JJ., concur.