HERMES VALENCIA, Also Known as HERMAN VALENCIA, et al., Respondents, v OBAYASHI CORPORATION et al., Defendants, and E.W. HOWELL CO., INC., Also Known as E.W. HOWELL CONSTRUCTION CO., INC., and Another, Appellant. (And Third-Party Titles.) [922 NYS2d 794]—

In an action to recover damages for personal injuries, etc., the defendant E.W. Howell Co., Inc., appeals, as limited by its brief, from so much of (1) an order of the Supreme Court, Westchester County (Scheinkman, J.), entered November 30, 2009, as granted that branch of the plaintiffs' motion which was for a protective order precluding discovery of audio recordings, if any, of the plaintiffs' counsel's conversations with, or interviews of, nonparty witnesses other than witness Barry Alpers, and (2) an order of the same court entered December 28, 2009, as, upon an in camera inspection of the audio recording and transcript of the interview with Barry Alpers pursuant to the order entered November 30, 2009, granted that branch of the plaintiffs' motion which was for a protective order precluding discovery of certain portions of the subject audio recording and transcript.

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs.

In an order entered November 30, 2009, the Supreme Court, inter alia, granted that branch of the plaintiffs' motion which was for a protective order precluding discovery of any audio recordings of counsel's conversations with, or interviews of,

nonparty witnesses other than the witness Barry Alpers. Witness statements taken by a party's counsel are subject to the qualified privilege for materials prepared in anticipation of litigation or for trial (*see* CPLR 3101 [d] [2]; *DeGourney v Mulzac*, 287 AD2d 680 [2001]; *Volpicelli v Westchester County*, 102 AD2d 853 [1984]; *Dworkin v Metropolitan Transp. Auth.*, 54 AD2d 922 [1976]). To overcome this privilege, it was the appellant's burden to establish its substantial need for the materials and inability to obtain the substantial equivalent elsewhere without undue hardship (*see* CPLR 3101 [d] [2]; *Straus v Ambinder*, 61 AD3d 672, 673 [2009]; *Volpicelli v Westchester County*, 102 AD2d at 853). The appellant failed to meet this burden and, accordingly, the Supreme Court providently granted the protective order (*see DeGourney v Mulzac*, 287 AD2d at 680; *Volpicelli v Westchester County*, 102 AD2d at 853; *Dworkin v Metropolitan Transp. Auth.*, 54 AD2d at 922; *cf. Yasnogordsky v City of New York*, 281 AD2d 541 [2001]; *Rochford v Long Is. R.R. Co.*, 273 AD2d 291, 292 [2000]).

An order entered December 28, 2009, granted in part and denied in part that branch of the plaintiffs' motion which was for a protective order precluding disclosure of recorded conversations between the plaintiffs' counsel and nonparty witness Barry Alpers. With respect to certain portions of Alpers' recorded conversations, the appellant failed to meet its burden of substantial need and inability to obtain the substantial equivalent elsewhere without undue hardship in order to overcome the qualified privilege. Thus, the Supreme Court properly granted the plaintiffs' motion for a protective order with respect to those portions of the recording (*see* CPLR 3101 [d] [2]; *DeGourney v Mulzac*, 287 AD2d 680 [2001]). Angiolillo, J.P., Leventhal, Hall and Miller, JJ., concur.