■ KIN HWA KU et al., Respondents, v CITY OF NEW YORK et al., Appellants. [966 NYS2d 119]—

In an action to recover damages for personal injuries, etc., the defendants appeal from so much of an order of the Supreme Court, Kings County (Bayne, J.), dated July 20, 2012, as granted that branch of the plaintiffs' motion which was to compel discovery of certain prelitigation written statements given by the nonparty Marilyn Rosa and by the defendant Konniyoor Sunny.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiffs' motion which was to compel discovery of certain prelitigation written statements given by the nonparty Marilyn Rosa and by the defendant Konniyoor Sunny is denied.

On October 23, 2009, the injured plaintiff, a pedestrian, allegedly was injured when she was struck by a school bus as she crossed a street in Brooklyn. At the time of the accident, the bus was being operated by the defendant Konniyoor Sunny, and was owned by the defendants Boro-Wide Buses (hereinafter Boro-Wide) and Jofaz Transportation, Inc. (hereinafter Jofaz). Also at the time, Boro-Wide and Jofaz had a contract with the

defendants City of New York, New York City Department of Transportation, and New York City Department of Education to provide transportation services. Approximately one week after the accident occurred, the liability insurer for Boro-Wide and Jofaz sent an investigator to take statements (hereinafter the subject statements) from the nonparty Marilyn Rosa, a school bus matron who was on the bus at the time of the accident, and from the defendant driver of the bus. On May 11, 2010, the plaintiffs commenced this action. In May 2012, after learning of the existence of the subject statements during Rosa's deposition, the plaintiffs moved, inter alia, to compel discovery of the subject statements. In an order dated July 20, 2012, the Supreme Court granted such disclosure without explanation.

Statements given to a liability insurer's claims department which are solely "prepared in anticipation of litigation" are entitled to qualified immunity from discovery pursuant to CPLR 3101 (d) (2) (*see Sigelakis v Washington Group, LLC*, 46 AD3d 800 [2007]). The burden of proving that a statement is privileged as material prepared solely in anticipation of litigation or trial is on the party opposing discovery (*see Agovino v Taco Bell 5083*, 225 AD2d 569, 571 [1996]; *Crazytown Furniture v Brooklyn Union Gas Co.*, 145 AD2d 402 [1988]). Here, the defendants satisfied this evidentiary burden by the submission of affidavits from the insurer's claim adjuster and the investigator who transcribed the subject statements which demonstrated that the statements were gathered for the insurer solely for the purpose of anticipated litigation (*see Davila v Environmental Prods. & Servs.*, 270 AD2d 224 [2000]; *Williams v Metropolitan Transp. Auth.*, 99 AD2d 530 [1984]; *cf. Santana v Seagrave Fire Apparatus*, 248 AD2d 458 [1998]). Accordingly, the statements were not discoverable and the branch of the plaintiffs' motion which was to compel discovery of them should have been denied (*see* CPLR 3101 [d] [2]).

The plaintiffs' remaining contention is improperly raised for the first time on appeal (*see NYU Hosp. for Joint Diseases v Country Wide Ins. Co.*, 84 AD3d 1043 [2011]). Dillon, J.P., Austin, Sgroi and Cohen, JJ., concur.