■ GREENWICH INSURANCE COMPANY, Respondent, v CITY OF NEW YORK et al., Appellants, et al., Defendants. [997 NYS2d 32]—

Order, Supreme Court, New York County (Geoffrey D. Wright, J.), entered April 2, 2013, which, in this action seeking, inter alia, a declaration that plaintiff is not obligated to defend defendants City of New York and New York City Economic Development Corporation (the city defendants) in underlying personal injury and property damage actions, denied the city defendants' motion to dismiss the complaint, unanimously mod-

ified, on the law, to declare that plaintiff is obligated to defend the city defendants in the underlying personal injury actions, and as so modified, affirmed, without costs.

Plaintiff's declaratory judgment action arose out of a series of vehicular accidents alleged to have been the result of negligence in connection with construction work on an exit ramp from the Queensboro Bridge. Defendant Triumph was the contractor for the New York City Economic Development Corporation on a project entitled "Queens Plaza Streetscape Improvement Project." Triumph obtained a commercial general liability policy from plaintiff that extends coverage to the city defendants, as additional insureds, for injury arising out of the acts or omissions of Triumph or those acting on its behalf.

Plaintiff seeks to be relieved of its duty to provide a defense in the underlying actions, arguing that the alleged injuries were caused by the city defendants' negligent placement of a guard rail or "Jersey barrier" and their failure to post proper warnings, matters over which Triumph is asserted to have had no control. The City brought this motion to dismiss the declaratory action on the ground that the underlying complaints contain allegations that are potentially within the protection afforded to the additional insureds under the policy. The underlying complaints all allege defects in conditions on or about the roadway for which Triumph would have been responsible as contractor.

An insurer may obtain a declaration absolving it of its duty to defend only when a comparison of the policy and the underlying complaint on its face shows that, as a matter of law, "there is no possible factual or legal basis on which the insurer might eventually be held to be obligated to indemnify the insured under any provision of the insurance policy" (*Servidone Constr. Corp. v Security Ins. Co. of Hartford*, 64 NY2d 419, 424 [1985] [internal quotation marks and brackets omitted]). As this Court has observed, "the primary obligation of an insurer is to provide its insured with a defense" (*Recant v Harwood*, 222 AD2d 372, 373 [1st Dept 1995]), an obligation that is incurred "if facts alleged in the complaint fall within the scope of coverage intended by the parties at the time the contract was made" (*id.*, quoting *New Hampshire Ins. Co. v Jefferson Ins. Co. of N.Y.*, 213 AD2d 325, 326-327 [1st Dept 1995]). "By contrast, the duty to indemnify requires a determination of liability" (*id.*).

Because the underlying complaints pleaded claims that were potentially within the scope of coverage, plaintiff is obligated to defend the underlying actions. Whether plaintiff might ultimately be able to establish that its insured did not cause the

injuries alleged in the underlying actions involves questions of fact yet to be resolved; it is not an issue that can be determined as a matter of law by examination of the insurance contract. Thus, it does not afford a basis to relieve plaintiff of its duty to provide a defense (*Fitzpatrick v American Honda Motor Co.*, 78 NY2d 61, 66 [1991]; *cf. United States Fire Ins. Co. v New York Mar. & Gen. Ins. Co.*, 268 AD2d 19 [1st Dept 2000] [policy's automobile exclusion relieved insurer of duty to defend action for damages arising out of a vehicular collision]).

We note that it is error to dismiss a declaratory judgment action merely because the plaintiff is not entitled to the declaration sought (*Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). A decision on the merits warrants the issuance of a declaration (*Hirsch v Lindor Realty Corp.*, 63 NY2d 878, 881 [1984]). Concur—Tom, J.P., Friedman, Feinman, Gische and Kapnick, JJ.