Teran v Ast (2018 NY Slip Op 06288)





Teran v Ast


2018 NY Slip Op 06288


Decided on September 26, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 26, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2016-05148
 (Index No. 30119/10)

[*1]Cesareo Teran, plaintiff, 
v
Frederick Ast, respondent, Louis Lasky Memorial Medical and Dental Center, appellant.


Catalano Gallardo & Petropoulos, LLP, Jericho, NY (William L. Schleifer of counsel), for appellant.
Heidell, Pittoni, Murphy & Bach, LLP, New York, NY (Daniel S. Ratner of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for medical malpractice and lack of informed consent, the defendant Louis Lasky Memorial Medical and Dental Center appeals from an order of the Supreme Court, Queens County (Peter J. O'Donoghue, J.), dated April 26, 2016. The order, after an in camera inspection, granted the motion of the defendant Frederick Ast to compel the production of certain documents withheld from disclosure by the defendant Louis Lasky Memorial Medical and Dental Center, and denied the cross motion of the defendant Louis Lasky Memorial Medical and Dental Center for a protective order with respect to those documents. By decision and order on motion dated September 26, 2018, this Court stayed enforcement of the order dated April 26, 2016, pending hearing and determination of the appeal.
ORDERED that the order is reversed, on the law, on the facts, and in the exercise of discretion, with costs, the motion of the defendant Frederick Ast to compel the production of certain documents is denied, and the cross motion of the defendant Louis Lasky Memorial Medical and Dental Center for a protective order with respect to those documents is granted.
This is an action sounding in medical malpractice and lack of informed consent. The plaintiff alleged that the defendant Frederick Ast, an internist treating patients at the defendant Louis Lasky Memorial Medical and Dental Center (hereinafter Louis Lasky), failed to timely and properly treat the plaintiff's heart condition, and thereby caused him to undergo what should have been an avoidable surgery. In March 2014, the plaintiff settled this action as against both defendants. All that now remains is a cross claim for contractual indemnification that Louis Lasky asserted against Ast in its answer. Louis Lasky contends that, pursuant to the terms of a contract between it and Ast, it is entitled to recover from Ast the sum of $25,000, which was its share of the settlement paid to the plaintiff, plus attorney's fees, costs, and disbursements. While Ast concedes that he is contractually obligated to indemnify Louis Lasky for damages relating to medical malpractice he committed in treating the plaintiff, he argues that at least part of the $25,000 that Louis Lasky paid to the plaintiff was to settle allegations of negligence that were separate and distinct from his own alleged malpractice. To prove this theory, Ast moved to compel Louis Lasky to provide, inter alia, the files maintained by its attorneys, unredacted copies of its attorneys' bills, and the files maintained [*2]by its insurance carrier. In opposition, Louis Lasky cross-moved for a protective order with respect to those documents. Following an in camera review, the Supreme Court granted Ast's motion and denied Louis Lasky's cross motion. Louis Lasky appeals.
While CPLR 3101(a) provides that "there shall be full disclosure of all matter material and necessary in the prosecution or defense of an action," this principle is limited by CPLR 3101(b) and (c), which make "privileged matter" and "attorney's work product" absolutely immune from discovery (see Spectrum Sys. Intl. Corp. v Chemical Bank, 78 NY2d 371, 377-378; Rossi v Blue Cross & Blue Shield of Greater N.Y., 73 NY2d 588, 593-594). Additionally, pursuant to CPLR 3101(d)(2), material that is prepared in anticipation of trial is subject to a conditional privilege and, thus, is subject to disclosure only by a party's showing that he or she is in substantial need of the material and is unable to obtain the substantial equivalent of the material by other means without undue hardship (see Kin Hwa Ku v City of New York, 106 AD3d 698, 699; Straus v Ambinder, 61 AD3d 672, 673; Davila v Environmental Prods. & Servs., 270 AD2d 224, 224). Significantly, even if a party makes the requisite showing to obtain litigation materials, "the court shall protect against disclosure of mental impressions, conclusions, opinions or legal theories of an attorney or other representative of a party concerning the litigation" (CPLR 3101[d][2]).
Here, upon our in camera inspection, we find that the Supreme Court improvidently exercised its discretion in granting Ast's motion to compel the production of the documents withheld by Louis Lasky based upon attorney-client privilege, attorney work product privilege, and as privileged material prepared for litigation. With respect to the files maintained by Louis Lasky's attorneys, the only documents contained therein that have not already been disclosed are absolutely protected by CPLR 3101(b) and (c), as they are "primarily and predominately legal in nature and, in their full content and context, were made to render legal advice or services" to Louis Lasky (All Waste Sys. v Gulf Ins. Co., 295 AD2d 379, 380; see Spectrum Sys. Intl. Corp. v Chemical Bank, 78 NY2d at 379; Rossi v Blue Cross & Blue Shield of Greater N.Y., 73 NY2d at 594; VGFC Realty II, LLC v D'Angelo, 114 AD3d 765, 766; Colantonio v Mercy Med. Ctr., 102 AD3d 649, 650; McClier Corp. v United States Rebar, Inc., 66 AD3d 416, 416; Matter of Rye Police Assn. v City of Rye, 34 AD3d 591, 591). Regarding the legal bills, it was improper for the court to order Louis Lasky to produce unredacted copies because such disclosure would reveal factual investigation and legal work done by counsel, which is privileged material (see Randall Co. LLC v 281 Broadway Holdings LLC, 132 AD3d 452, 453; Soiefer v Soiefer, 17 AD3d 268, 269; De La Roche v De La Roche, 209 AD2d 157, 158-159). As for the insurance carrier's file, the court correctly concluded that this file is protected by a conditional immunity, as it contained material prepared for litigation (see Curci v Foley, 149 AD3d 1388, 1389; Lamberson v Village of Allegheny, 158 AD2d 943, 943; Sofio v Hughes, 148 AD2d 439, 440; see also Kin Hwa Ku v City of New York, 106 AD3d at 699; Davila v Environmental Prods. & Servs., 270 AD2d at 224). However, the court erred in finding that Ast met his burden of demonstrating that he had a "substantial need" for the materials in the carrier's file, and that he could not obtain their "substantial equivalent" by other means "without undue hardship" (CPLR 3101[d]; see Straus v Ambinder, 61 AD3d at 673; Davila v Environmental Prods. & Servs., 270 AD2d at 224; Recant v Harwood, 222 AD2d 372, 373).
Ast's remaining contention is without merit.
Accordingly, the Supreme Court should have denied Ast's motion to compel the production of the subject documents, and granted Louis Lasky's cross motion for a protective order with respect to those documents.
CHAMBERS, J.P., ROMAN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court