Dabo v One Hudson Yards Owner, LLC (2019 NY Slip Op 07751)





Dabo v One Hudson Yards Owner, LLC


2019 NY Slip Op 07751


Decided on October 29, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 29, 2019

Renwick, J.P., Manzanet-Daniels, Mazzarelli, Webber, Oing, JJ.


10240N 150334/17

[*1] Birama Dabo, Plaintiff-Respondent,
v
One Hudson Yards Owner, LLC, et al., Defendants-Appellants.


Cornell Grace, P.C., New York (Porsha Johnson of counsel), for appellants.
Sullivan Papain Block McGrath & Cannavo, P.C., New York (Brian J. Shoot of counsel), for respondent.



Order, Supreme Court, New York County (Paul A. Goetz, J.), entered on or about October 12, 2018, which denied defendants' motion for a protective order to prevent disclosure of their insurer's accident investigation report, unanimously reversed, on the law, without costs, and the motion granted.
Documents in an insurer's claim file, including an accident investigation report, that were prepared for litigation against its insured are immune from disclosure (see CPLR 3101[d][2]; Recant v Harwood, 222 AD2d 372, 373-374 [1st Dept 1995]). Although documents in a first-party insurance action prepared in an insurer's ordinary course of business in investigating whether to accept or reject coverage are discoverable (see CPLR 3101[g]; Brooklyn Union Gas Co. v American Home Assur. Co., 23 AD3d 190, 191 [2005]), there is no indication that such documents are being protected here. In the absence of any demonstration of hardship by plaintiff, the insurer's accident investigation report remains privileged (see Veltre v Rainbow Convenience Store, Inc., 146 AD3d 416 [1st Dept 2017]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 29, 2019
CLERK