Wesco Ins. Co. v Hellas Glass Works Corp. (2020 NY Slip Op 06975)





Wesco Ins. Co. v Hellas Glass Works Corp.


2020 NY Slip Op 06975


Decided on November 24, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 24, 2020

Before: Friedman, J.P., Manzanet-Daniels, Oing, Kennedy, JJ. 


Index No. 155214/18 Appeal No. 12456 Case No. 2020-02248 

[*1]Wesco Insurance Company, Plaintiff-Respondent,
v
Hellas Glass Works Corp. et al., Defendants, Massachusetts Bay Insurance Company, Defendant-Appellant.


Goldberg Segalla LLP, White Plains (Michael P. Kandler of counsel), for appellant.
Kennedys CMK LLP, New York (Max W. Gershweir of counsel), for respondent.



Order, Supreme Court, New York County (Julio Rodriguez, III, J.), entered September 25, 2019, which granted plaintiff's (Wesco) motion for summary judgment to the extent of declaring that defendant (MBIC) is obligated to share equally in defense costs in the underlying action, and denied MBIC's cross motion for summary judgment declaring that it has no obligation to defend or indemnify in the underlying action, unanimously affirmed, with costs.
Although the duty to defend is primarily determined by the complaint (see Greenwich Ins. Co. v City of New York , 122 AD3d 470, 471 [1st Dept 2014]), "wooden application of the [*2]'four corners of the complaint' rule would render the duty to defend narrower than the duty to indemnify" (Fitzpatrick v American Honda Motor Co., 78 NY2d 61, 66 [1991]). Based on the pleadings in the underlying personal injury action and third-party action, as well as documents and testimony, and the fact that discovery and depositions in the underlying action are still ongoing, it cannot be said that there is no possible factual or legal basis on which either Wesco's automobile policy or MBIC's general liability policy might eventually be held to afford indemnity coverage (see Greenwich Ins. Co, 122 AD3d at 471). Further, "the pro rata sharing of defense costs may be ordered when more than one policy is triggered by a claim" (Travelers Cas. & Sur. Co. v Alfa Laval Inc., 100 AD3d 451, 452 [1st Dept 2012]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 24, 2020