Springer v Tishman Speyer Props., LP (2022 NY Slip Op 07210)

Springer v Tishman Speyer Props., LP

2022 NY Slip Op 07210

Decided on December 20, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 20, 2022

Before: Manzanet-Daniels, J.P., Oing, Singh, Scarpulla, Pitt-Burke, JJ. 

Index No. 308976/09E Appeal No. 16953-16954 Case No. 2021-03548, 2021-03552 

[*1]Damon Springer, as Administrator of the Estate of Norman Springer, Deceased, Plaintiff-Respondent,
v
Tishman Speyer Properties, LP et al., Defendants-Respondents, Schindler Elevator Corporation, Defendant-Appellant.
Tishman Speyer Properties, LP., et al., Third-Party Plaintiffs-Respondents,
v
Temco Service Industries, Inc., Third-Party Defendant-Respondent.

Sabatini & Associates, New York (Steve S. Efron of counsel), for appellant.
Varvaro, Cotter & Bender, White Plains (Rose M. Cotter of counsel), for Tishman Speyer Properties, LP and Christie's Inc., respondents.

Orders, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered on or about September 7, 2021, which denied defendant Schindler Elevator Corporation's (Schindler) motions to compel additional discovery from defendants Tishman Speyer Properties, LP and Christie's, Inc., unanimously affirmed, without costs.
Supreme Court properly denied Schindler's motions to compel additional discovery. All relevant and existing evidence as to the videotape had been previously provided by Tishman and Christie's, as Christie's response to Schindler's post-deposition demands provided the additional information that could properly be obtained. Schindler is also not entitled to depose Christie's current risk manager Baldwin, as Schindler received any nonprivileged insurance information in Christie's responses to Schindler's February 18, 2016 document demand and amended notice to admit.
Moreover, an insured's statement to a liability insurer is conditionally privileged as material prepared in contemplation of litigation, despite arguments that the information is sought for a different purpose (see Recant v Harwood , 222 AD2d 372, 374 [1st Dept 1995]). Pre-litigation communications between an insurer and its insured are also conditionally privileged (id. ). Here, Schindler's request for deposition testimony as to communications between Tishman and Christie's and their insurers was improper because the information is confidential (see Grotallio v Soft Drink Leasing Corp. , 97 AD2d 383, 383 [1st Dept 1983] ["[t]he contents of an insurer's claim file which have been prepared for litigation against its insured are immune from disclosure"]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 20, 2022