Rhymes v Elrac, LLC (2025 NY Slip Op 01830)

Rhymes v Elrac, LLC

2025 NY Slip Op 01830

Decided on March 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
JAMES P. MCCORMACK, JJ.

2022-00044
 (Index No. 704382/17)

[*1]David Rhymes, respondent, 
v
Elrac, LLC, etc., et al., defendants, Fresh Meadows Wings, LLC, doing business as Hooters of Fresh Meadows, et al., appellants.

Farber Brocks & Zane LLP, Garden City, NY (Charles T. Ruhl of counsel), for appellants.
Silbowitz, Garafola, Silbowitz, Schatz & Frederick, LLP (Michael H. Zhu, Esq., P.C., New York, NY, of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Fresh Meadows Wings, LLC, doing business as Hooters of Fresh Meadows, Hooters of America, LLC, Marc Phaneuf, and Marc Phaneuf, Jr., appeal from an order of the Supreme Court, Queens County (Darrell L. Gavrin, J.), entered December 14, 2021. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was to compel the defendants Fresh Meadows Wings, LLC, doing business as Hooters of Fresh Meadows, Hooters of America, LLC, Marc Phaneuf, and Marc Phaneuf, Jr., to produce statements made by two nonparty witnesses to those defendants' insurance carrier and denied those defendants' cross-motion for a protective order with respect to those statements.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Queens County, for an in camera inspection of statements made by two nonparty witnesses to the insurance carrier of the defendants Fresh Meadows Wings, LLC, doing business as Hooters of Fresh Meadows, Hooters of America, LLC, Marc Phaneuf, and Marc Phaneuf, Jr., and a new determination thereafter of that branch of the plaintiff's motion which was to compel the defendants Fresh Meadows Wings, LLC, doing business as Hooters of Fresh Meadows, Hooters of America, LLC, Marc Phaneuf, and Marc Phaneuf, Jr., to produce those statements and of those defendants' cross-motion for a protective order with respect to those statements.
The plaintiff commenced this action to recover damages for personal injuries the plaintiff allegedly sustained when a vehicle operated by Mansor A. Tohki (hereinafter the driver), in which the plaintiff was a passenger, collided with a barrier. The plaintiff alleged, among other things, that the defendants Fresh Meadows Wings, LLC, doing business as Hooters of Fresh Meadows, Hooters of America, LLC, Marc Phaneuf, and Marc Phaneuf, Jr. (hereinafter collectively the defendants), violated General Obligations Law § 11-101, commonly known as the Dram Shop Act, by serving alcoholic beverages to the driver while he was visibly intoxicated prior to the accident.
Thereafter, the plaintiff moved, inter alia, to compel the defendants to produce certain statements (hereinafter the subject statements) made to the defendants' insurance carrier by nonparty witnesses, Denise Batista and Gale Bohack-Greene, employees of the defendants who allegedly served alcoholic beverages to the driver and to the plaintiff on the date of the accident. The defendants opposed the motion and cross-moved for a protective order with respect to the subject statements preventing disclosure on the ground that the subject statements, which were taken by an investigator after the defendants were put on notice of a potential claim, were prepared solely in anticipation of litigation and, therefore, were not discoverable. In an order entered December 14, 2021, the Supreme Court, among other things, granted that branch of the plaintiff's motion which was to compel the defendants to produce the subject statements and denied the defendants' cross-motion for a protective order with respect to the subject statements. The defendants appeal.
"Statements given to a liability insurer's claims department which are solely 'prepared in anticipation of litigation' are entitled to qualified immunity from discovery pursuant to CPLR 3101(d)(2)" (Kin Hwa Ku v City of New York, 106 AD3d 698, 699). "The burden of proving that a statement is privileged as material prepared solely in anticipation of litigation or trial is on the party opposing discovery" (Sigelakis v Washington Grp., LLC, 46 AD3d 800, 800; see Ligoure v City of New York, 128 AD3d 1027, 1028). Here, contrary to the Supreme Court's determination, the defendants satisfied this evidentiary burden by submitting a transcript of the deposition testimony of the Director of Operations of the entity that provides management services for the defendants, which demonstrated that the subject statements were solely prepared in anticipation of litigation (see Kin Hwa Ku v City of New York, 106 AD3d at 699; Finegold v Lewis, 22 AD2d 447, 448).
Where, as here, the party seeking to prevent disclosure makes the required showing that the materials were solely prepared in anticipation of litigation, the burden shifts to the party seeking disclosure to establish that there is a substantial need for the materials and that they cannot be obtained elsewhere without undue hardship (see CPLR 3101[d][2]; Straus v Ambinder, 61 AD3d 672, 673; Volpicelli v Westchester County, 102 AD2d 853). If "the statement of a nonparty-witness is inconsistent in a material respect with his or her testimony at a deposition, the statement should be disclosed pursuant to that provision of CPLR 3101(d)(2) which permits the disclosure of material prepared for litigation where the plaintiff has substantial need of it and is unable to obtain its substantial equivalent without undue hardship" (Yasnogordsky v City of New York, 281 AD2d 541, 541; see Rochford v Long Is. R.R. Co., 273 AD2d 291, 292). Under the circumstances of this case, since the record is insufficient to evaluate whether Batista's statement is inconsistent in a material respect with her affidavit and whether Bohack-Greene's statement is inconsistent in a material respect with her deposition testimony, the matter must be remitted to the Supreme Court, Queens County, for an in camera inspection of the subject statements (see Yasnogordsky v City of New York, 281 AD2d at 541; cf. Rochford v Long Is. R.R. Co., 273 AD2d at 292).
Accordingly, we remit the matter to the Supreme Court, Queens County, for an in camera inspection of the subject statements and a new determination thereafter of that branch of the plaintiff's motion which was to compel the defendants to produce the subject statements and of the defendants' cross-motion for a protective order with respect to the subject statements.
BARROS, J.P., BRATHWAITE NELSON, WARHIT and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court